## A. G. BARRETT v. DAVID BUTLER, *et al.*

### *Error from Marshall County.*

ERROR: PLEADINGS. - When all of the several pleadings in a case have been duly filed and put before the court and jury as upon trial, without objection in any manner, and testimony has been introduced under them, also without objection, (and the cause sub⁻ mitted and a verdict rendered therein,) a reviewing court will consider *all* of the pleadings on each side of the case, in determining whether or no a good cause of action or defense, as the case may be, has been stated.*

---

*1.   PLEADINGS OF PLAINTIFF.—The petition below set forth a copy of the contract of Barnett to deliver steers to Butler, et al., on or about the 15th of August, 1866, on the payment by them to him of a price fixed therein, and averred an offer to perform on their part, and to pay the balance due on said written contract, and contained averments of a demand of the steers and refused to deliver them on the 14th of August.   The answer denied.   The reply alleged offers to pay, de- mands and refusals on the 13th, 15th, 16th and 17th days of August, and also that they held them- selves ready to perform at all times.   Semble, the pleadings of plaintiff below contain statements of facts sufficient to constitute a cause of action.

2.   ID : OFFER.—It seems, the offer of plaintiff below, as pleaded, may be considered in the nature of a continuing offer.

The petition contains a sufficient statement of the facts of the case.

*Martin, Burns & Case,* for plaintiff in error.

*J. D. Brumbaugh,* for defendant in error.

*For the plaintiff in error,* it was contended:

1. " That the facts stated in the petition do not constitute a cause of action in favor of the plaintiff and against the defendant," is good cause for arresting a judgment and granting a new trial. *Kelsey v. Weston,* 2 *Comst.,* 500, 506; *Higgins v. Freeman,* 2 *Duer,* 650; *Febble v. Cuphinger,* 13 *Ben. Monr.,* [*Ky.,*] 464; *Pelty v. Wilber,* 14 *id.,* 247; 19 *Ohio,* 289.

2. The petition is defective in not containing a sufficient allegation of performance, or offer to perform, of payment or tender of payment. 6 *Ohio,* 310; 19 *id.,* 347; 8 *id.,* 49; 7 *Pa. St.,* 387; 5 *Duer,* 336; 20 *Johns.,* 130; 3 *Den.,* 363; 24 *Wend.,* 153.

3. The pleading of a demand and offer to pay on the 14th, when the contract of the parties fixed the 15th of August as the time therefor, is unavailing. 1 *Pars. Contr.,* 445, 447; 20 *Vt.,* 21.

4. The payment, made by the contract an act precedent to or simultaneous with the act of the delivery of the cattle, was by contract to be in money; hence a tender on the day fixed should have been pleaded. 8 *Metc.,* 107; 15 *Wend.,* 637; 1 *Wis.,* 141; 7 *N. H.,* 535, 8 *Ohio,* 168; 8 *Greenl.,* 107. *See also* 8 *Ohio,* 168; 1 *Pars. Notes,* 38, § 4.

*Brumbaugh, for defendant in error,* submitted:

1. The defendant's objection to the petition comes

too late.  *Richmond v. Patterson*, 3  *Ohio R.*, 368; *Sturgis v. Burton*, 8  *Ohio St.*, 220.

2.  Section one hundred and forty-eight of the code provides that no judgment shall be reversed or affected which does not affect a substantial right.

3.  The petition states facts sufficient to constitute a cause of action.

4.  The petition is sufficient under section ninety-four of the code.

*By the Court,* SAFFORD, J.

This was an action brought in the district court of Marshall county, by David Butler and James W. Hollinshead, partners, etc., against A. G. Barrett, to recover damages for an alleged breach by and on the part of the said Barrett, of a contract which had before that time been entered into between the parties.  The record purports to set out the said contract and agreement, which was in the words and figures following, to-wit, "Exhibit A."

[Revenue stamp.]

"July 30, 1866, sold to Butler & Hollinshead, sixty-seven, three, four and five year old steers, at forty dollars per head, to be delivered about the 15th day of August, 1866, and to furnish two hands to help drive to Pawnee city.     (Signed.)                    A. G. Barrett."

"July 30, 1866.   Received on the above, $100.
           (Signed)                    A. G. Barrett."

The pleadings in this case consisted of the petition of plaintiffs, which contained three counts; the answer of the defendant and the reply of the plaintiffs.  But previous to the offering of any testimony a motion was made by the defendant asking the court to exclude all testi-

mony under and on the second and third counts of the petition, which motion was sustained, and no exceptions made thereto. The trial was then proceeded with, and the issues submitted to a jury upon the evidence and under the charge of the court, and a verdict was returned in favor of the plaintiffs, Butler & Hollinshead.

Thereupon the defendant moved the court to set aside the verdict and arrest the judgment on the following grounds, to-wit:

1. The petition does not state facts sufficient to constitute a cause of action against the defendant.

2. The pleadings in this cause failed to show that the defendant is entitled to a judgment in his favor in this cause, which said motion was overruled, and to this ruling the defendant excepted. This was the only exception in the records, and consequently here may be found the basis of the only questions arising legitimately in the case.

It is contended for the plaintiff in error that the petition is defective because no sufficient demand is shown to have been made upon the defendant for the delivery of the property mentioned in the contract. The allegation of the petition is to the effect that a demand thereof was made on the 14th day of August instead of on the 15th, which, as appears by the record was the date fixed for the delivery in the written agreement. But this statement is denied in the answer, where it is set up that the delivery was to have been made on the 13th day of August, and that the defendant was ready to make such delivery on that day. The plaintiffs replying reiterated the statements of the petition, and denied that they were to receive the cattle at any other time than that mentioned in the contract of sale. They also averred that they demanded a compliance with said contract on the

part of the defendant on the said 14th day of August, 1866, as well as on the 15th, 16th ·and 17th days of said month of August.  If then there was any defect in the petition by reason of the failure to allege therein that a demand was made for the cattle on the 15th day of August, 1866, such defect was cured by the reply which not only averred the demand on that day, but also on the 14th, 16th and 17th days of said month.  Nor are these allegations inconsistent in any such sense as would preclude the plaintiffs from receiving any benefit which might arise therefrom, and hence they had an undoubted right to have them considered, and especially since no objection was made as coming from any source.  The demand which is the point under consideration, might have been made on all the days on which it is alleged to have been made by the plaintiffs, and the jury trying the issues might have so found.  Just what the jury did find, or what it is probable they found in respect to the " demand" we are unable to say, inasmuch as none of the evidence produced on the trial is before us.

It is further objected that the petition contained no sufficient averment of performance, or offers to perform on the part of the plaintiffs.  The statement is, that they " offered to pay said defendant the balance due for said steers on said written contract of sale."  But it is said that their offer was made on the 14th day of August.  That may be true, but this does not preclude the idea that it was also repeated on the 15th, as stated in the reply ; and, besides, inasmuch as the written contract, which is set out in the record, fixes the time for the delivery of the cattle to be " about the 15th of August," is it not fair to hold that the offer " to pay the balance due for said steers on said written contract," even though it was made on the 14th, was a continuing offer to pay as

well on the 15th, and especially so, since it is not in any manner shown that such offer was retracted? But as in the case of the first question, arising upon this record, it seems to us that the objection we are now considering, even if it existed, was cured by the statements which we find in the reply.

It is there averred that the plaintiffs "did demand said steers on the 14th day of August, 1866, and offered to pay said defendant the balance due on said contract of sale; and, further, that they *held themselves in readiness at all times* to comply with their said contract."

This language is comprehensive and not easy to be misunderstood; and it seems to us that, under such averments, the plaintiffs might have been and were properly allowed to introduce testimony to prove their offer to pay, and any circumstances connected with such offer, as would make it good under the law, and especially, since no objection was taken to the former substance of the allegation. It may be objected that a defective petition could not, in any manner, be affected by the allegations in a reply. This may be true, provided the objection be taken in time. But we think that such an objection comes too late, if made for the first time after verdict; and, hence, we say that, in a case like the one at bar, where all the several pleadings have been duly filed, and put before the court and jury as upon trial, without objection in any manner, and testimony introduced under them also without objection, and the cause submitted and a verdict rendered therein, a reviewing court will consider all of the pleadings on each side of the case, in determining whether or no a good cause of action or defense has been stated, as the case may be. The judgment of the district court is affirmed.

All the justices concurring.