• JOHN P. GREER v. DANIEL M. ADAMS.

| 6 | 203 |
|---|---|
| 62 | 564 |

1. PETITION—TRIAL ON MERITS—ESTOPPEL. Where, in a cause which has been tried on its merits, the petition states a good cause of action, and further shows that the same is barred by the statute of limitations, and no question is raised thereon in the court below, none will be entertained in this court.

2. EVIDENCE—*When it does not injure, it cannot prejudice.* It is not error to admit testimony that may sustain the issues in a case, but which in no event can injure the opposing party.

3. DAMAGES, ASSESSMENT OF—*When party cannot complain of error.* The defendant cannot complain of the court for error in the assessment of damages, when that error was in his favor.

*Error from Shawnee District Court.* •

THE defendant in error brought his action in a justice's court, counting on a promissory note. The note and indorsements are as follows :

"TOPEKA, OCT. 10, 1862.

"SIXTY DAYS after date, for value received, we jointly and severally promise to pay to Daniel M. Adams, or order, $104.50, in State Warrants of the State of Kansas, with interest at the rate of twenty per cent. until paid.

$104.50.                                          JOHN P. GREER,

                                                    CHESTER THOMAS."

Indorsed—"Rec'd in cash, on within, $51.75, March 23, 1863." "Rec'd on within, $20 in cash, April 15, 1863."

Suit was commenced August 6, 1867; and the petition merely set forth the note and indorsements, and claimed $40.61, and interest thereon from April 15, 1863. *Greer* answered, first, a general denial; second, partial failure of consideration. The justice gave judgment in favor of *Adams*, and *Greer* appealed. The action was tried. in the district court on the pleadings filed before the justice. *Adams* testified that the consideration of the note was State warrants loaned by him; that when the note was due he demanded payment thereof in State warrants;

also, that he and *Greer* at that time agreed on ninety-five cents on the dollar on the price of State warrants. To this last evidence, defendant excepted. The court, a jury being waived, found that at the date of the note, State warrants were worth ninety-five cents on the dollar, and that the money-value of the note, when executed, was $99.28; and after deducting the payments indorsed, there was due on the note, at the time of trial, principal and interest, the sum of $74.83, for which judgment was given. Motion for new trial overruled, and *Greer* brings the case here on error.

*W. P. Douthitt,* for plaintiff in error :

1. The petition of the plaintiff in the court below does not state facts sufficient to constitute a cause of action, it appearing upon the face of the petition that the cause of action was, before the commencement of the action, barred by the statute of limitations. Comp. L. 1862, p. 127, § 20; 8 Ohio St., 215; *Zane v. Zane,* 5 Kas., 134.

2. A failure to raise the objection to the petition by demurrer or answer, did not waive it. There being no cause of action, in law, stated in the petition, none could be proved, and no judgment could be legally rendered against the defendant. The objection may be taken advantage of at any stage of the case. It may be made on error, though not raised in the court below. Comp. L., p. 139, § 96; 18 B. Monroe, 261; 30 Indiana, 398; 10 id., 117 :

3. The court never presumes a cause of action, even after verdict, when none appears on the pleadings. 27 Barb., 631. The defect would not, at common law, have been cured by verdict. 10 Ohio St., 517; 1 Chitty Pleadings, 681.

4. The court erred in admitting evidence of the value of State warrants; and in rendering judgment for the money-value of the warrants. The note was given for warrants, and was payable *in warrants*, dollar for dollar.

*Martin & Burns*, for defendant in error:

1. No question as to the sufficiency of the petition was raised in the court below; and no question of the kind can be considered here.

2. The real question in this case, is, as to the measure of damages; and the court did not err. In cases where promissory notes are payable in a specific article of property, the measure of damages for non-payment is the value of the article at the time and place the note is due and payable. 1 Iowa, 598; 2 Pars. Cont., 490, 491, 492; 18 Maine, 122; 8 Peters, 18; Sedg. Dam., 252, 253.

If any error was committed by the court, it was against the plaintiff below, who might well claim a judgment for the full amount of the note, without reference to the value of the State warrants. 4 Ohio St., 38, 44; 2 Pars. Cont., 491, note *q*; 5 Wend., 393; 12 Mass., 121; 22 Vermont, 301.

The opinion of the court was delivered by

KINGMAN, C. J.: The first error complained of in this case is, that the petition does not state facts sufficient to constitute a cause of action. The cause of action is founded on a note payable in State warrants, on which several payments were indorsed. The date of the last payment, as indorsed, having been made more than three years before the action was commenced, the petition was defective in not stating a present existing right of action; (*Zane v. Zane*, 5 Kas., 134.) The cause was regularly tried below, on the pleadings and evidence; and no ques-

tion was raised by demurrer, answer, or by objection to the evidence, or on the motion for a new trial, that the petition was not a good one.   The question is now made for the first time, in this court.

The code of 1868, § 91, declares that if no objection be taken to the petition, either by demurrer or answer,

1. A trial on the merits in district court, e-tops party from urging stat te of limitations as a defense in Supreme Court.
the defendant shall be deemed to have waived the same, except the two questions of jurisdiction, and that the petition does not state facts sufficient to constitute a cause of action. It would properly be inferred from this language, that these two defects were not waived by a neglect to demur or answer, and to this effect we decided in the case of *Zane v. Zane.*  And we are willing to hold that these defects may be for the first time taken advantage of in this court, in proper and suitable cases.  A judgment rendered without jurisdiction is void; and a judgment rendered upon a petition not alleging any cause, or pretense of a cause of action is void.   Such judgment should be set aside, on motion made in the court which rendered the decision; and a refusal to do so is error.   But it is not every *defect* in the statement of facts which renders illegal the judgment rendered, or would render a verdict in favor of the plaintiff contrary to law, and so, under the provision of the code, constitute cause for setting it aside, and thus arresting the judgment.   When only the statement of the plaintiff's cause of action is inaccurate, or defective, the defect was at common law cured by a general verdict in his favor.   (10 Ohio St., 572.)

It is difficult, perhaps impossible, to lay down a rule which shall determine with accuracy and precision what defects will be considered fatal when presented to this court for the first time.   We will content ourselves with

deciding this case.  Had the defendant demurred, or set up the statutory bar by answer, or by objecting to the testimony on this ground, then the plaintiff might have amended his petition by correcting the dates of the payments if there was error therein; or by alleging a promise in writing to pay if any such existed; or by alleging such an absence from the State as would bring the case within the saving clauses of the code, if such were the facts, and the whole cause been tried upon its merits.  By his silence upon this point the plaintiff in error has taken his chances of a trial upon other issues, and having failed, asks this court to give him another trial upon all the issues raised, because he did not see fit to present this question to the court below.  Such a ruling on the part of this court would be subversive of the objects of the code, and in conflict with its liberal provisions.

The cause of action is fully and perfectly stated in the petition, and of itself sufficient to sustain the judgment; but at the same time other facts are shown, which may or may not be a perfect defense.  On their face they appear to be so.  The defendant does not choose to avail himself of that defense in the court below, but tries his case on other issues.  It is too late to raise the question in this court.  It would give the defendant an unfair advantage of a second trial, on the other issues.  If the statute had really barred the action, he has lost that defense by his own neglect, and cannot justly complain in this court.  To this effect the Supreme court of Ohio decided, in *Sturges v. Burton*, 8 Ohio St., 215.

II.  The next alleged error is the admission of certain testimony.  The testimony seems to us to have been 2. Improper evidence—when no error. proper, as tending to show that the parties themselves had agreed upon the value of the

warrants, at the time the contract was broken; and this agreement had a tendency to prove the value of the warrants at that time, if it was at all necessary to establish that fact. But whether admissible on this ground or not, it did not in anywise prejudice the rights of the plaintiff in error, for it tended to establish a measure of recovery more favorable to him than the law would have applied to the case, as it is disclosed in the record.

III. Again it is claimed that the judgment was far too much. The judgment was made up by calculating the warrants at ninety-five cents on the dollar, and the testimony fully sustains such a basis. As the record shows the case, the plaintiff was entitled to recover the full value of dollar for dollar. The court erred against him, and he is not complaining.

3. Party cannot complain of errors in his favor.

These are all the causes for which it is claimed that a new trial should be granted, and having found no error in them, the judgment is affirmed.

All the justices concurring.

REPORTER'S NOTE.—In *Zane v. Zane*, 5 Kas., 134, the defendant appeared at the trial, and, though not filing a "demurrer," nor an "answer," *objected* that "the petition did not state facts sufficient to constitute a cause of action," because "it shows that plaintiff's claim is barred by the statute of limitations." This objection being overruled, he objected to the rendering of any judgment, for the same reason; and after judgment he moved for a new trial. The Supreme Court held that he *had not waived* his right to object to the sufficiency of the petition "by failing to answer or demur," and that by his several objections and motions, in the district court, "he properly raised the question of the bar of the statute of limitation." In *this* case, (*Greer v. Adams*,) Greer answered, setting up two defenses to the merits, on which the action was twice tried—the statutory bar not being raised until the case reached this court.