MARGARET HAWLEY v. WILLIAM HISTED.

PLEADING; PRACTICE; *Statute of Limitations.* Where a case has been tried upon its merits in the district court the supreme court will not consider a question raised for the first time in the supreme court whether the plaintiff's pleading shows upon its face that the cause of action therein alleged is barred by the statute of limitations.

*Error from Nemaha District Court.*

HISTED brought his suit upon an "account for professional services rendered by him for defendant *Margaret Hawley.*" He filed before the justice a bill of particulars, giving dates and specifying specific services, the first date being "June, 1864," the last but one "October, 1866;" and the last item being dated "November, 1869." Said account showed two credits, one a cash payment made "September 27th, 1866," and the other was a credit for poultry — no date given. Balance due *Histed,* according to his bill of particulars, $28.75. The action was commenced before a justice of the peace November 25th, 1871. The defendant appeared and answered, filing a bill of particulars as follows:

[TITLE.] "The said defendant now comes and for answer to plaintiff's bill of particulars, exhibited against her herein, says, that she does not owe the said plaintiff the said sum or sums of money therein charged against her; but denies each and every charge in the same.

"And for further answer to plaintiff's action defendant says that the said plaintiff ought not to have his action thereof against her because she says that the several causes of action in said plaintiff's bill of particulars set forth did not accrue to the said plaintiff against said defendant within three years next before the commencement of this action."

The case was removed to the district court by appeal, and there tried on the original pleadings, at the April Term 1872. Judgment was given for plaintiff, and defendant brings the case here on error.

*Joseph Sharp,* for plaintiff in error:

The action is upon contract, and more than three years had

elapsed as to the whole of plaintiff's bill, except the last charge. Said bill was for specific services, "trying causes," as an attorney. An attorney has a right of action as soon as his services are rendered, in each case. In *Bruyn v. Comstock*, 56 Barb., the court say, "If after an attorney has obtained a judgment for his client, the client should require and obtain further services of him (relating to other matters,) and the attorney should, more than six years (the limitation in New York) after the judgment was perfected, sue his client to recover compensation, while he could recover for the subsequent services, (if not themselves barred,) he could not use those items of charge to take the claim for obtaining the judgment out of the statute." And see 12 Ind., 174; 1 Blackf., 373; 2 Pars. Cont., 352; 6 N. H., 235; 10 B. Mon., 112.

*S. Conwell*, and *W. W. Guthrie*, for defendant in error:

The record shows a trial by the court, on appeal, and no special findings, and no exceptions; hence the record presents no error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced and tried before a justice of the peace. The verdict and judgment were for Histed, the plaintiff below. The defendant Hawley then appealed to the district court. Trial was again had, this time by the court without a jury, and the finding, and judgment were again for the plaintiff below. The defendant as plaintiff in error now brings the case to this court. The case was tried in the district court on the bills of particulars filed in the justice's court. No question was raised in either court, or by either party, as to the sufficiency of the bills of particulars. None of the evidence introduced on the trial is preserved in the record. No special findings were made by the court below, but a general finding only was made for the plaintiff. No motion was made for a new trial on any ground. No objection was made to either the finding or the judgment. And not an exception was taken by either party to any ruling

of the court below.    No question was presented to the court
below except questions of fact.    These were presented by the
pleadings, and were determined on the evidence.    And as
none of the evidence is brought to this court how it is
expected that we shall review the action of the district court
we can hardly imagine.    The bill of particulars of the defend-
ant below (plaintiff in error) was a general denial, and a
plea of the statute of limitations.    This raised questions of
fact only, and upon a trial upon the merits of the action the
facts were found against the defendant below.    But possibly
it may be claimed that plaintiff's bill of particulars showed
upon its face that the plaintiff's cause of action was barred
by the statute of limitations.    If it did why did not the
defendant raise the question in the court below?    Answering
to the merits did not raise any such question.    There are
many defects to which a pleading may be subject which may
be cured by trial on the merits, verdict, or finding, and the
judgment of the court.    For what is defectively stated in
the pleading is presumed to have been duly proved on the
trial.    This is one of that class of defects.    No court of last
resort, that we are aware of, has ever yet reversed a judgment
of an inferior court because a pleading showed upon its face that
the cause of action therein stated was barred by the statute of
limitations, unless the question was first fairly raised and acted
upon in the court below.    In this case we must presume that
the plaintiff's cause of action was not in fact barred; we must
presume that the evidence showed that it was not in fact
barred; and therefore if the defendant below had at any time
raised said question the plaintiff could (if necessary) have
amended his bill of particulars so as to show that the cause
of action was not barred.    Even after judgment, if the de-
fendant had raised the question, the plaintiff could have
amended his bill of particulars so as to make it correspond
with the facts proved.    (See §139 of the civil code.)    It has
already been decided in this court that when a cause has been
tried upon its merits in the district court this court will not
consider a question, raised for the first time in the supreme

court, whether the plaintiff's pleading shows upon its face that the cause of action therein alleged is barred by the statute of limitations; (*Greer v. Adams,* 6 Kas., 203;) and to this decision we still adhere. It can hardly be claimed however that the plaintiff's bill of particulars in this case shows affirmatively upon its face that the plaintiff's cause of action was barred. It shows when certain services were performed, but compensation for services does not always become due when the services are performed. That depends upon the contract of the parties. Also, there were two payments made on the plaintiff's claim which, from the bill of particulars, seems to have been made on the whole claim of the plaintiff on the first item as well as on the last. The last payment is not dated, and that may have been made at a time when it would have taken the whole claim out of the statute. The last item charged in the plaintiff's bill of particulars is dated November 1869. Now if the plaintiff's claim was a running account, and it does not appear definitely whether it was or not, this last item would have prevented the whole of the plaintiff's claim from being barred when this suit was commenced. But how much must a plaintiff state in his bill of particulars in a justice's court? Must the bill of particulars show affirmatively and definitely that the claim is not barred? Must it show that said claim was a running account, or that the payment thereon was made at a time when it would take the claim out of the statute? Must it show that the defendant was absent from the state, or concealed herself, etc., so that the statute would not run? Must it show that the defendant promised to pay the claim in writing within three years before the commencement of the suit? Must it be as specific, as definite, and certain, and as full and complete in its statement of facts, as a petition in the district court? We do not propose to answer any of these questions at the present time. The judgment of the court below must be affirmed.

All the Justices concurring.