DAVID H. MITCHELL, *et al.*, v. THOMAS E. MILHOAN.

1. MOTION FOR NEW TRIAL; *When Filed.* Where a motion for a new trial (which does not set up the ground of newly-discovered evidence) is filed five days after the decision of the court, and not within three days thereafter as the law requires, and no reason is given why said motion was not filed sooner, the district court does not err in overruling said motion.

2. PETITION; *Statement of Facts; Objections; Practice.* The questions whether the petition states facts sufficient to constitute a cause of action, and whether the petition and the findings taken together sustain the judgment of the court below, may generally be considered by the ˌsupreme court, whether any exception has been taken to the ruling of the court below or not. But the subsequent proceedings often cure a defective petition; and when the objection to the petition is made in any way, except by demurrer, or by a motion to require the plaintiff to make his petition or certain allegations thereof more formal, or more definite and certain, the objection should generally be overruled unless there is a total failure to allege some matter essential to the relief sought, and should seldom if ever be sustained when the allegations are simply incomplete, indefinite, or conclusions of law.

3. HOMESTEAD; *Proceeds of Sale under Judgment; Surplus; Exemption.* Where a certain person was judgment-debtor in two separate and independent actions, and where the sheriff sold the homestead of the judgment-debtor, and out of the proceeds of said sale satisfied one of the judgments, which was a lien on said homestead, and there still remained in the hands of the sheriff a surplus fund from the proceeds of said sale, and where the district court, on the motion of the judgment-creditor in the other action, but without any notice having been given to or received by the judgment-debtor, or any appearance on his part, ordered that the sheriff should pay over to said judgment-creditor a sufficient amount of said surplus fund to satisfy said other judgment, *held*, in an action in part to set aside said order, that said order was voidable, if not void, and gave the parties obtaining it no right.

4. ———— Said surplus fund was not liable to be taken on execution to satisfy a judgment which was not a lien on the judgment-debtor's homestead, so long as the judgment-debtor intended and expected to use said surplus fund in redeeming his said homestead from said sale, or so long as he intended and expected to use it in purchasing another homestead.

5. ———— The sheriff, in pursuance of said order paid over a portion of said surplus fund to the attorneys of said judgment-creditor, and they paid over a portion of the same to the judgment-creditor himself: *Held,*

40—11 KAS.

that none of said surplus fund was liable to be applied to the payment of said judgment, and that the said attorneys were liable to the judgment-debtor for the amount of said surplus fund which still remained in their hands at the commencement of this suit.

6. JUDGMENT; *Variance when not Material.* Where the judgment substantially follows the prayer of the petition, and where the variance between the judgment and the prayer of the petition is so slight that the plaintiff would be allowed to amend the prayer of his petition at any time without costs, the judgment will not be reversed for said variance.

## *Error from Johnson District Court.*

ON the 23d of January 1872 *Milhoan* commenced his action by filing in the district court the following petition:

[*Title.*] The said Thomas E. Milhoan, plaintiff, complains of said David H. Mitchell, A. Smith Devenney, and James W. Green, defendants, for that on the 19th of December 1870 the plaintiff was the owner in fee simple of the following described land situate in Johnson county, to-wit: [describes 130 acres of land;] and that he the said plaintiff, being the head of a family, did then occupy and keep the said land and tenements as his homestead; that on the 20th of December 1870, he the said plaintiff did make his certain promissory note in writing of that date, and did then deliver the same to one J. H. Blake, and thereby promised to pay the said Blake or order the sum of $1,000 in nine months after date, with interest thereon at the rate of ten per cent. per annum, which note was by said Blake duly indorsed to the People's Savings Bank, of Olathe, a corporation duly organized according to law. And the plaintiff further says, that, to secure the payment of his said promissory note, he the said plaintiff did at the same time duly execute and deliver to the said Blake his mortgage-deed in writing, and thereby conveyed to the said Blake, his heirs and assigns in fee simple the land above described, which deed had a condition thereunder written, providing, if the said Thomas E. Milhoan should well and truly pay the said promissory note according to the tenor and effect thereof to the said Blake or his assigns, then the same should be void, otherwise it was to remain in full force and effect in law — which said deed was duly recorded. And the said plaintiff further saith that the said Blake duly assigned the said deed to the said People's Savings Bank; that on the 25th of September 1871 said People's Savings Bank brought

suit against the plaintiff, and did procure a judgment against the said Thomas E. Milhoan in said district court of Johnson county, foreclosing said mortgage-deed, in which judgment it was adjudged and decreed by the said court, that in the default of the payment of said judgment by the said Milhoan by a day named in the said judgment, that the above described lands should be sold according to law to satisfy the said judgment and costs. Plaintiff further saith that he did not pay the said judgment or any part thereof, and that in pursuance of the said judgment the sheriff of said Johnson county did cause said land to be appraised, and did advertise and sell the same to the said People's Savings Bank for the sum of $4,334, leaving a balance or surplus in the hands of the said sheriff belonging to this plaintiff amounting to the sum of $3,060.93, which said money the plaintiff avers was not liable to execution in the hands of said sheriff, nor liable for the payment of any debt, or obligation, or judgment, the same being the proceeds of judicial sale of the homestead of said Thomas E. Milhoan, he being the head of a family.

"And the plaintiff further shows and alleges, that at the November Term 1871 of said district court, to-wit, on the 16th of January 1872, the said David H. Mitchell, having theretofore obtained a judgment in said district court against this plaintiff, the said Thomas E. Milhoan, for the sum of $1,484 debt, and $——— costs, together with legal interest accruing, did by his attorneys Devenney & Green file his motion in said court, and did therein and thereby move the said court "for an order on the sheriff, to apply the surplus, or so much thereof as may be necessary thereto of the proceeds of the sale of a tract of land of defendant (meaning the said Thomas E. Milhoan) now in his hands in favor of said plaintiff (meaning said David H. Mitchell) and against said defendant," (meaning the said Thomas E. Milhoan.) And the plaintiff further says that he had no notice of the pendency of said motion; and that when the same came on to be heard, and was determined by the said court, this plaintiff knew not that any motion was pending in said court filed by said Mitchell against this plaintiff. And the said plaintiff further says that on said 16th of January 1872, the said motion of said Mitchell came on to be heard, and the said court being ill advised in the premises, and contrary to the legal exemptions of the said Thomas E. Milhoan, (the plaintiff herein,) and contrary to the pro-

vision of the statute in such cases made and provided, did
order the sheriff of said Johnson county "to apply a residue
of money arising from sale of real estate as the property of
the defendant (meaning the said Thomas E. Milhoan,)
(after the satisfaction of the execution or order of sale upon
which such sale was made,) in satisfaction of any execu-
tion issued upon the judgment in this cause (meaning the
action of the said David H. Mitchell against Thomas E.
Milhoan,) against the defendant, (meaning the said Milhoan,)
now in the hands of the said sheriff, and that the said residue
of money be applied in satisfaction of the execution issued
in the cause of said David H. Mitchell against the said
Thomas E. Milhoan." And the said plaintiff further says
that in pursuance of said order of said court, said sheriff, on
the 20th of January 1872 did pay over to the said A. Smith
Devenney and James W. Green, as the attorneys of the said
Mitchell, the sum of $1540.58, a portion of the said residue,
the proceeds of the said sale of said plaintiff's homestead as
aforesaid, which said sum of money plaintiff avers is now in
the hands of the said Devenney and Green, who are law-
partners doing business under the firm-name and style of
Devenney & Green; and the plaintiff further says that said
Devenney & Green threaten and are about to pay all of said
money over to the said Mitchell, whereby the plaintiff will
be left without any remedy at law therefor.

"The said plaintiff therefore prays that the said order of
this court may be vacated, and wholly set aside, and that the
said motion be again set down for a hearing in this court;
and that the said defendants Devenney and Green, and each
of them, be ordered to pay over to the said sheriff the said
sum of $1540.58, or any part thereof as shall be found to be
in their hands. And meantime, the said plaintiff prays that
the said Devenney and Green and each of them may be re-
strained by the injunction of this court from paying over to
the said Mitchell the said sum of money or any part thereof;
and that the said defendant Mitchell be ordered and adjudged
to pay over to the said sheriff any portion of said $1540.58
that shall be found he has received in pursuance of said order,
and that he pay the costs of this action."

The defendants filed separate answers. The action was
tried at the August Term 1872 of the district court. Special
findings of fact in favor of *Milhoan* were made by the court,

(the material portions whereof are mentioned in the opinion, *infra*,) and on the 12th of August the following judgment was entered: ·

"It is therefore considered, ordered, adjudged and decreed, that the said order of this court heretofore made on the 16th of January 1872, be declared void, set aside, and held for naught, and that the said defendant David H. Mitchell be and he is hereby ordered to pay into the hands of the sheriff of said Johnson county, for the use and benefit of said Thomas E. Milhoan, plaintiff, the sum of $1429.25 within ten days from the rising of this court; and that the said defendants Devenney and Green be and they are hereby ordered and adjudged to pay into the hands of said sheriff the said sum of $125, for the use and benefit of the said plaintiff; and in case of default thereof, and of their non-compliance with this order for ten days after the rising of this court, it is further ordered that execution issue against the said David H. Mitchell for the sum of $1429.25, and costs of suit, and that execution issue against the said defendants A. Smith Devenney and James W. Green for the sum of $125."

On the 17th of August, (five days after the entry of said judgment,) the defendants filed their separate motions to set aside the findings of fact, and for a new trial, which were overruled. Other facts and proceedings are stated in the opinion. The defendants bring the case here on error.

*Devenney & Green*, for plaintiffs in error:

1. The code provides that the *surplus* shall be paid to the person entitled to the same, agreeably to the order of the court. Code, § 458. A junior judgment-creditor is entitled to an *order of the court* for a surplus remaining in the hands of the sheriff on the sale of his debtor's real estate, after satisfying the senior judgment under which the sale was had: 18 Wendell, 628; Crocker on Sheriff, § 507; 7 Cal., 35; 3 Caines; 4 Paige Ch., 503; 21 Iowa, 535; 33 Ill., 510.

2. The sheriff could have paid off the execution in his hands in favor of Mitchell out of the *surplus* without an order of the court: 17 Iowa, 358; 12 Johns., 220; 1 Cranch, 133; 11 Barb., 345. The sheriff was not presumed to know

that the proceeds of sale in his hands arose from the sale of the "homestead." The record nowhere discloses that fact.

Mitchell's motion was on file and of record before and at the time of making the order; and under rule No. 1 of the district court, Milhoan was bound to take notice of such motion. · Neither the statute nor rules of court require notice to be given to the execution-defendant of an execution or of a levy, or of an application to apply the surplus moneys. The law presumes that he has notice that judgment has been rendered against him, and of all steps taken to enforce the collection thereof. 9 Iowa, 212; 41· N. Y., 159.

3. The rendering of judgment in a case does not end the jurisdiction of the court over the parties. It continues until the final disposition of the cause by the satisfaction or performance of the judgment: 18 Iowa, 397; Phil. N. C. Law, 98. Milhoan was present at the confirmation of the sale under the foreclosure, as well by his attorney, and resisted the same. He should have set up, in that action, or disclosed upon his resistance to the motion to confirm the sale, the fact that the land sold was his *homestead*, and he is now too late to raise the question: 15 Ind., 49; 2 Wall., 237; 14 Iowa, 320; 13 Texas, 68; 20 Texas, 782. We concede that the *lien* of a judgment upon lands in this state, being conferred by statute, can only have such force as is given thereby, and it can only attach or become effective in the manner, at the time, and upon the conditions and limitations imposed by the statute itself; and that the owner has a right to sell his homestead, and with the proceeds of such sale acquire a new homestead; but if he should not acquire a new homestead with the proceeds of such sale, such proceeds would be liable to be taken in satisfaction of his debts. 14 Iowa, 591; 31 Iowa, 311. The record discloses that Milhoan long before the surplus was paid by the sheriff to Mitchell, had *redeemed* his alleged homestead from the foreclosure sale, with his own separate funds.

4. Milhoan's petition "does not state facts sufficient to constitute a cause of action." He attempts to set up a right

to the *surplus* upon the ground that it arose from a sale of his alleged homestead. Now we contend that he should have *negatived the exceptions* contained in the exemption law, as the general rule is, that where a plaintiff brings an action, claiming a right given under certain conditions or qualifications, he is obliged to bring himself within those conditions by allegations and proofs; *i. e.*, he should have alleged and proven in addition to the allegation that it was his homestead, 1st, That Mitchell's judgment was not for taxes; 2d, That Mitchell's judgment was not based upon an obligation contracted for the purchase-money of the premises; 3d, That the note upon which Mitchell's judgment is based was not given for the erection of improvements thereon; 4th, That Mitchell's execution was not obtained by virtue of a lien given by the consent of Milhoan and his wife; 5th, That the premises are not situate within the limits of an incorporated town or city; and 6th, That said premises so sold did not exceed 160 acres of land. 3 Iowa, 287; 21 Ill., 40; 33 id., 94; 11 Ind., 64.

The remedy sought by Milhoan is not correct. Section 310 of the code has no application to the case made on paper by Milhoan. The prayer of the petition is, that the order be set aside and the motion for the same be set down for hearing or new trial, etc. The decree does not conform to the prayer of the petition: 38 Ill., 407; 4 Ind., 211, 612.

5. The record discloses that Devenney and Green were the mere agents or attorneys for Mitchell in the collection of the moneys; and Milhoan was not entitled to recover against them on his petition and proofs. The rule is, that a person who acts as the mere agent of another in a transaction ought not to be made a party to the suit, unless he is charged with *fraud* in the transaction — he has no *interest* in the suit. 8 Iowa, 79. If money be mispaid to an agent, expressly for the use of his principal, and the agent *has paid it over*, he is not liable to refund: 3 Comst., 327; 7 Cow., 460; 1 Wend., 174; 9 Johns., 207.

*Noteman & Grove,* for defendant in error:

1. The exceptions taken are too general: 21 Wis., 427; 33 N. Y., 83. They should be specific, to each alleged error.

2. This court cannot consider the grounds of alleged error, for the reason that no exceptions were made to the findings or judgment of the court below. Code, §§ 290, 300; 1 Kas., 338; 6 Kas., 128; 16 Wis., 518; 3 Kern., 341, 344; 22 N. Y., 425; 10 Ohio St., 223.

3. The application for new trial was a nullity, being by motion, made more than three days after the judgment was rendered and entered. Code, § 308; 3 Kas., 80. The defendant in error did not appear on the argument of motion for a new trial. The motion not having been made within the time required by law, the entry of motion on motion docket was not notice; and as the proceedings in relation to the new trial were unauthorized by law, the errors alleged for overruling the same are not well taken, and will not be considered.

4. The moneys received by plaintiffs in error were exempt from execution, being moneys in the sheriff's hands as surplus proceeds of the sale of the homestead of Milhoan.

5. The court had no power to make such order as that of January 16th 1872. But if the court had power, said order could only have been made on motion, after notice and hearing; (3 Iowa, 221; 1 Blackf., 53; 10 Mo., 112; 1 Texas, 398; 1 Wend., 89; 2 Ark., 149; 7 Kas., 415;) and as no notice was given, such order was void for want of jurisdiction.

6. The record in this case does not contain all the evidence. The order of court giving time to make a case was not made until the time for making a case had expired. (15 Wis., 510.)

7. The money in controversy in this case was not subject to levy. It was in the custody of the law. Code, § 466; Drake on Attachments, § 505; 1 Cranch, 117; 4 Ind., 321, 481; 1 Ohio, 134; 3 Scam., 451; 3 Mass., 289.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to set aside a certain order of the district court, claimed to be void, and for the

recovery of certain moneys belonging to the defendant in error, formerly in the hands of the sheriff, but paid over by the sheriff to the plaintiffs in error in pursuance of said order of the district court. The judgment below was in favor of Milhoan, plaintiff below, and the defendants below bring the case to this court.

At the commencement of the trial in the court below a question was raised by the defendants as to the sufficiency of the petition, by objecting to the introduction of any evidence under it on the ground that it did not state facts sufficient to constitute a cause of action. This objection was overruled by the court, and the defendants excepted. Objections were also made to the introduction of certain particular portions of the evidence for other and special reasons, which objections were also overruled, and the defendants excepted. Motions were also made for a new trial, setting up various grounds therefor, which motions were also overruled, and the defendants excepted.

We cannot consider the motions for a new trial, for the reason that they were filed too late. (*Odell v. Sargent,* 3 Kas., 80.) They were not filed until five days after the decision of the court, although they should have been filed within three days thereafter. (Code, § 308.) These motions did not set up the ground of newly-discovered evidence, and no reasons were given why said motions were not filed sooner. The court therefore properly overruled them.

*1. Motion for new trial.*

The objections to the introduction of evidence, except for the reason that the petition did not state facts sufficient to constitute a cause of action, will not require any discussion from this court, for reasons that will become obvious to any one who will examine said objections. The plaintiffs in error do not as we understand rely upon them in this court. The only questions then for us to consider are, whether the petition states facts sufficient to constitute a cause of action, and whether the petitions and findings taken together sustain the judgment. This latter question, and

*2. Petition; sufficiency of; practice.*

indeed the first, may generally be considered by the supreme court whether any exception has been taken to any ruling of the district court or not. (*Wilson v. Fuller*, 9 Kas., 176; *Greer v. Adams*, 6 Kas., 206.) The subsequent proceedings however, the answer, the reply, the evidence, the findings or verdict, often cure a defective petition. (*Barrett v. Butler*, 5 Kas., 355, 359; *Mo. Valley Rld. Co. v. Caldwell*, 8 Kas., 244; *Zane v. Zane*, 5 Kas., 140.) This is generally the case where no objection is made to the petition in the court below, or where the objection is made by merely objecting to the introduction of any evidence under the petition; and except where the objection is made by demurrer, or by a motion to require the plaintiff to make his petition or some allegations thereof more formal or more definite and certain, the objection should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought; and the objection should seldom if ever be sustained where the allegations are simply incomplete, indefinite, or conclusions of law. *Laithe v. McDonald*, 7 Kas., 254, 261, 262; *Fitzpatrick v. Gebhart*, 7 Kas., 35, 40, 41; *Greer v. Adams*, 6 Kas., 206; *Hawley v. Histed*, 10 Kas., 266. Viewed in this light, the petition in the present case is sufficient, even if it should be required to allege all that the plaintiffs in error claim that it should allege. The petition among other things alleges the following facts: Two judgments were rendered against Milhoan, each in a separate and independent action, one in favor of the People's Savings Bank of Olathe and against Milhoan and wife, and the other in favor of David H. Mitchell, and against Milhoan alone; the first judgment was rendered on a note and mortgage, and was a lien on the homestead of Milhoan and wife; on this first judgment, said homestead was sold for the sum of $4,334; after said sale was confirmed, and said first judgment satisfied out of the proceeds thereof, there still remained in the hands of the sheriff the sum of $3,060.93 as a surplus fund, which fund was not liable to be applied in payment of said second judgment; the district court then made an order,

without any notice to Milhoan, that the sheriff should satisfy this second judgment out of this surplus fund; the sheriff, in pursuance of said order paid over to Devenney & Green, as attorneys for Mitchell $1540.58 out of said surplus fund, and in satisfaction of said judgment. The plaintiffs in error claim that the said petition was defective for the fol-lowing reasons: 1st, It showed the sheriff had a right by virtue of said order to pay said money over to Mitchell, or to his attorneys. 2d, It showed that the sheriff had an exe-cution in his hands issued under said second judgment, and therefore that he had a right by virtue of said execution to pay over said money as he did, whether said order was valid or not. 3d, It showed that said Devenney & Green were only attorneys for Mitchell, and were therefore not liable for the money paid to them.

First: The court had no right to make said order. Said surplus fund could not legally be subjected to the payment

3. Homestead; exemption of surplus of proceeds of sale. of Mitchell's judgment. It was the proceeds of the forced sale of Milhoan's homestead, and was therefore exempt as long as Milhoan intended to use it in acquiring another homestead. We do not however purpose to discuss at present the question whether said sur-plus fund was or could be made liable for the payment of Mitchell's judgment, for we think said order was void, or at least voidable, for other reasons. The Mitchell judgment was rendered August 28th 1871; the bank judgment was rendered November 23d 1871; an order of sale was issued thereon (on the bank judgment) December 6th 1871; the homestead was sold January 13th 1872; the sale was con-firmed on or before January 16th 1872; the motion was made for said order (that the sheriff apply the surplus to Mitchell's judgment) January 16th 1872, and on the same day the motion was heard and the order granted; the sheriff paid said money, $1554.25, to Devenney & Green, attorneys for Mitchell, January 20th 1872; and Devenney & Green paid $1429.25 of the same to Mitchell on January 21, 1872, retaining $125 as attorney-fees for themselves. This was an

Mitchell v. Milhoan.

Hearing motions; time; notice. extraordinary order. It was made in an action long after judgment was rendered therein, at a subsequent term of the court, in the absence of Milhoan, without any notice of any kind ever having been given to or received by him, and on the same day that the motion for the order was made. This is not such an order as may be made without notice, or as, may be made as of course in the case, or such as the parties are required to anticipate; nor is it one for which the parties are bound to remain in court and watch. It could only be made (if it could be made at all) upon proper and sufficient notice. Milhoan never had any opportunity to appear and oppose the motion for said order. He never had his day in court; and therefore the obtaining of said order was a legal fraud upon him, and the order must be considered in this action (which is an action in part to set aside said order) as voidable, if not absolutely void, and as giving the parties obtaining it no right. (See authorities cited in brief of defendant in error.)

Second: There is at least one answer to the second claim of the defendants below, plaintiffs in error. Said money was the proceeds of the forced sale of Milhoan's homestead, and 4. Proceeds of sale of homestead; when and to what extent exempt. was therefore exempt from any execution issued on any judgment which was not a lien on Milhoan's homestead, so long as he desired and expected to use said money in purchasing another homestead, or in redeeming his aforesaid homestead from said sale, as the evidence shows he subsequently in fact did: *Keyes v. Rines*, 37 Vt., 260. Upon kindred questions, see *Pearson v. Minturn*, 18 Iowa, 36; *Sargent v. Chubbuck*, 19 Iowa, 37; *Robb v. McBride*, 28 Iowa, 386; *Marshall v. Ruddick*, 28 Iowa, 487. This is evidently the spirit of our homestead laws, and we think we should construe them liberally so as to carry out their spirit. The plaintiffs in error claim that the petition Pleading; negative averments. What defects may be disregarded. below was defective because it did not negative the exceptions contained in the homestead laws, to-wit — "first, that Mitchell's judgment was not for taxes; second, that Mitchell's judgment was not based

upon an obligation contracted for the purchase-money of the premises; third, that the note upon which Mitchell's judgment is based was not given for the erection of improvements thereon; fourth, that Mitchell's execution was not obtained by virtue of a lien given by the consent of Milhoan and his wife; fifth, that the premises are not situate within the limits of an incorporated town or city; and sixth, that said premises so sold did not exceed 160 acres of land." Now, if it was necessary for the plaintiff below to state these matters in his petition, (but *quære*, was it necessary?) still we think the petition was sufficient to withstand any objection made against it in the court below when we consider the time and· manner in which such objection was made. It is true that some of these matters, perhaps nearly all of them, were stated defectively, or inferentially, or as conclusions of law from facts, and not the facts themselves. But such statements (as we have already stated) àre sufficient to withstand such an objection as was made in this case. The plaintiff below alleged in his petition, "that he the said plaintiff, being the head of a family did then [December 19th, 1870,] occupy and keep the said lands and tenements as his homestead," and that "said money [said surplus fund of $3,060.93,] the plaintiff avers was not liable [January 13th 1872, and subsequently,] to execution in· the hands of the said sheriff, nor liable for the payment of any debt or obligation or judgment, the same being the proceeds of judicial sales of the homestead of the said Thomas E. Milhoan, he being the head of a family." (See *Keyes v. Rines*, 37 Vt., 260.) It must be admitted that these allegations are very informal, and not sufficient if the question had been raised by a motion to make the same more definite and certain, and probably not sufficient ·if the question had been raised by demurrer. In the discussion of this question we have assumed that said money would have been liable to be applied in satisfaction of the execution issued on the Mitchell judgment if the same had not been the proceeds of the forced sale of Milhoan's homestead. But would it have been? Could the sheriff have applied it on said judg-

ment by virtue of said execution? (See *Hill v. La Crosse Rld. Co.*, 14 Wis., 291; *Payne v. Billingham*, 10 Iowa, 363; Crocker on Sheriffs, 2d ed., § 451, and authorities cited in brief of counsel for defendant in error.)

Third: We think the defendants Devenney & Green, were liable to Milhoan in this action for all moneys of Milhoan's that remained in their hands at the time of the commencement of this suit. The parties agreed that the sheriff paid to Devenney & Green $1,554.25; that Devenney & Green paid to Mitchell $1,429.25, and that they retained $125 for their services as attorneys. The court rendered judgment accordingly.

5. Attorneys— when liable to refund for moneys received for clients.

In construing the petition we have examined the evidence and the findings of the court, in order to understand some obscure portions of it; and viewed in this manner we think the petition is sufficient to sustain the judgment. The findings of the court below are sufficient, and taking the pleadings and findings together we think they are sufficient to sustain the judgment. It is true that the judgment does not literally follow the prayer of the petition, but we think it substantially does. The variance is so slight that the plaintiff would have had the right at any time, without costs, to amend the prayer of his petition; and therefore the variance was immaterial. (*Mo. Valley Rld. Co. v. Caldwell*, 8 Kas., 244.) The judgment was for a small amount more than claimed in the petition, but it was for the amounts agreed upon by the parties, to-wit, $1,429.25 against Mitchell, and $125 against Devenney & Green, and therefore the variance was immaterial. The plaintiff however should have amended his petition so as to claim these amounts.

6. Judgment; petition; variance.

The judgment of the court below is affirmed.

All the Justices concurring.