## E. J. NOONER v. W. S. SHORT.

THIS case is here for the second time, on error from Neosho district court. The facts and original pleadings are fully stated in 16 Kas. 220. After the district court set aside the decree at July Term 1874, as stated in 16 Kas. 221, an amended petition was filed by *Short*, plaintiff, in which he averred, as to defendant *Nooner*, that *Nooner* claimed "an interest in the mortgaged premises adverse and paramount to the mortgage lien of plaintiff, whereas in truth and in fact the deed under which said *Nooner* claims title is in fraud of plaintiff's rights, and is inferior and subservient to plaintiff's mortgage." The district court, on a new trial, at December Term 1874, found that *Nooner's* title was inferior to plaintiff's lien, and gave judgment in favor of *Short*, for the foreclosure of the mortgage and sale of the mortgaged premises, and "forever barring all right, title and interest, and equity of redemption of said *Nooner*, and all persons claiming under him, in and to said premises." *Nooner* brings the case here.

*L. Stillwell*, and *R. N. Baylies*, for plaintiff in error.

*C. F. Hutchings*, for defendant in error.

*Per Curiam:* All the legal questions involved in this case have already been passed upon and decided by this court in other cases. We cite below the decisions decisive of the matters presented:

I. The reply was waived, as the case was tried in every respect the same as it would have been tried, if a reply had been filed. *Hopkins v. Cothran*, 17 Kas. 173; *Wilson v. Fuller*, 9 Kas. 177, 190.

II. In regard to the allegation that the defendant in error had stated no facts to entitle him to the judgment that his mortgage was prior in right to the interest of the plaintiff in error to *all* of the tracts of land in controversy, see *Barrett*

*v. Butler*, 5 Kas. 355, where it is held, that a reviewing court will consider all of-the pleadings on each side of the case, in determining whether a good cause of action or defense has been stated, as the case may be.

III. That the question of adverse and paramount title may be litigated in an action to foreclose a mortgage, see *Bradley v. Parkhurst*, ante, p. 462.

IV. The judgment barring the rights and interests of the plaintiff in error, should be made to operate only in connection with the sale of the mortgaged premises, and after such sale has been made; and the judgment will be corrected accordingly. *Short v. Nooner*, 16 Kas. 220.

The costs in this court will be divided.

All the Justices concurring.