BASHOR & MARX, *et al.*, v. THE NORDYKE & MARMON COMPANY.

1. REPLY, *Waiver of.* Where no reply is filed, though new matter in the answer requires one, and where only one specific objection is made to the sufficiency of the pleadings, and the case is tried as though a reply was filed, and as though the issues were fully stated in the pleadings, *held,* that this court will limit its inquiry as respects the pleadings to that specific objection.

2. MECHANIC'S LIEN, *Sustained.* Plaintiffs, under a contract with defendants, furnished mill machinery. In part payment, they received six notes — three drawn payable to their own order, and three to the order of a company from which they had purchased part of the machinery to fill their contract. These latter notes were delivered to said company in partial settlement of their bill, but were shortly returned indorsed to plaintiffs. Thereafter, and within the statutory four months, plaintiffs, being the owners and holders of all the notes, filed their statement for a mechanic's lien. *Held,* That the plaintiffs were not prevented by these facts from acquiring a lien for the amount of all the notes.

3. STATEMENT FOR LIEN, *Filing of.* The statutory four months within which to file statement for a lien dates from the time the machinery is in fact furnished or put up, and not from the time the contractor had agreed that it should be furnished or put up.

4. ———— Where a judgment orders a sale without appraisement, it is error for it to direct an execution within six months from its date.

*Error from Dickinson District Court.*

ACTION brought by the *Nordyke & Marmon Company* against *Bashor* and others, to foreclose a mechanic's lien. Trial, and

judgment for the plaintiffs, at the September Term, 1880, of the district court. The defendants bring the case here. The opinion states the facts.

*Hoffmire & Pierce*, for plaintiffs in error.

*Smith & Davidson*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: In the court below, the district court of Dickinson county, Kansas, the plaintiffs therein, The Nordyke & Marmon Company, sought to foreclose a mechanic's lien upon the property described in their petition. The original defendants were William Bashor and Wendell Marx, partners as Bashor & Marx, and A. W. Rice; but upon the calling of the case for trial at the first term of court after the commencement thereof, the case was dismissed as to A. W. Rice, and upon the motion of said plaintiffs below, The Nordyke & Marmon Company, Peter Marx was made a defendant. After the plaintiffs below filed their petition, the defendants, William Bashor and Wendell Marx, filed their answer thereto, and after Peter Marx was made defendant he filed his answer to the petition of plaintiffs. To the answer of William Bashor and Wendell Marx, the plaintiffs below filed their reply. This reply was filed before the answer of Peter Marx. These were all the pleadings filed in the case, A. W. Rice having failed to file any answer previous to the time the case was dismissed as to him. Peter Marx, in his answer, alleged that he was the owner in fee of the premises, and denied that plaintiffs had any mechanic's lien thereon. Now the first claim of error is, that upon the pleadings as they stood at the time of trial, Peter Marx was entitled to a judgment. Technically, this is correct: there is no allegation in the petition of any cause of action against him — nothing to justify bringing him into the controversy or making him a party to the action, and to his answer claiming title there was no reply. Yet the case was tried as though a reply had been in, and while he objected to the introduction of testimony under the petition, his objection

ran specifically to testimony to sustain the lien, and on the ground that the petition did not state facts sufficient to entitle plaintiffs to a lien. No other question was raised. It was assumed that if the matter of lien was well pleaded, all other questions were fully presented. After thus specifically challenging the pleadings upon a single ground, and going through the trial without raising any other question, and upon the assumption that otherwise they are correct and sufficient, it is too late now to claim that there was still another defect, or that further pleadings were necessary. (*Wilson v. Fuller,* 9 Kas. 177; *Bent v. Philbrick,* 16 Kas. 190; *Holden v. Clark,* 16 Kas. 346; *Nelcott v. Porter,* 19 Kas. 131; *Nooner v. Short,* 20 Kas. 624; *Sleeper v. Bullen,* 6 Kas. 300; *Hawley v. Histed,* 10 Kas. 266; *K. P. Rly. Co. v. Mihlman,* 17 Kas. 224.)

A second matter is this: The lien was for mill machinery. At the time of delivery, part of the price was paid in cash, and part was to be on time. For this latter, notes were given. Three of these ran to the order of the plaintiffs, and three to that of the Atlas engine works, from which plaintiffs purchased some of the machinery which they supplied to defendants. These notes were all taken by plaintiffs; and while those running to the order of the Atlas engine works, and intended by the plaintiffs to be used in paying their debt to such company, were turned over to it in partial settlement thereof, yet they were all returned and indorsed to plaintiffs before the filing of the statement for a lien. The facts all appeared in the testimony. Do they prevent plaintiffs from establishing a lien for the three notes running to the Atlas engine works? We think not. The entire debt for which the lien was filed, was plaintiffs'. They made a single contract with the defendants to supply the machinery, and it matters not where they purchased any portion of the material necessary to complete the contract. They received these notes in payment of that contract; and in whatever name they were taken, they were received simply in payment of the debt due themselves. For this debt they had a right to establish a lien; and whatever disposition they may have

made meanwhile, if at the time they filed their statement for a lien they were the absolute owners of all the notes, their lien was good for the entire debt. It does not appear that there was any absolute sale or disposal of these notes by the plaintiffs at any time. The taking of them in the name of the Atlas company seems to have been simply in adjustment of the account between such company and plaintiffs, and the giving of them to the company conditional only. So that in fact it amounts simply to the contractor's filing a lien for his entire debt. Any intermediate and conditional transfer of the notes given therefor, would not, when the transferee had fully surrendered all claims thereto, defeat the lien therefor. We have in this expressed no opinion as to the right of an assignee of a contractor's claim to himself file a lien, for such question is not involved; but see *Merchants v. Ottumwa Water Power Co.*, (Sup. Ct. Iowa,) 6 N. W. Rep. 709; *Brown v. Smith*, (Sup. Ct. Iowa,) 7 N. W. Rep. 40; *Langan v. Sankey*, (Sup. Ct. Iowa,) 11 Rep. 93.

Another matter is this: The statement for a lien was filed February 4, 1879. The original contract for the machinery was in these words: "We order of you the following, to be delivered on board cars at your works, on the 10th day of September, 1878, or as soon as possible.—BASHOR & MARX. We accept the above.—NORDYKE & MARMON COMPANY." The testimony shows that in fact the machinery was shipped about October 8th, was not delivered to defendants until October 12th, and was placed in the mill during the latter part of October and the first of November. The statement for a lien reads, " that on or about the 13th day of August, 1878, and under and by virtue of a certain contract at that said time made and entered into by and between the said N. & M. Co. of the one part, and W. B. & W. M., doing business under the firm-name of B. & M., of the other part, the said N. & M. Co. furnished, sold and delivered to the said B. & M. goods, wares," etc. The lien law requires that the statement be filed within four months after " the furnishing or putting up of fixtures or machinery." Now the contention is, that

15 — 25 KAS.

the plaintiffs are concluded by the terms of the contract as to the place of delivery, and by those terms and the language of the statement as to time; and that parol testimony is inadmissible to show when in fact the machinery was shipped or delivered, or, in the language of the statute, when it was furnished or put up. This is a mistake. The four months date, not from the time the work is contracted to be done, but from the time it is in fact done. The statute, and not the contract of the parties, prescribes the conditions of a lien. Whether plaintiffs broke their contract as to time or place of delivery, whether such breach was sufficient to entitle defendants to compensation in damages, is entirely immaterial. Those questions run simply to the amount of recovery. To perfect their lien they have four months from the time of furnishing or putting up the machinery in which to file their statement. They filed it in time, and have done nothing to estop them from showing the facts. The statute does not require that the statement disclose when the contract was made, the goods delivered or the work done.

One other matter requires notice. The judgment directs issue of order of sale at the expiration of thirty days, and sale without appraisement. This is error. None may issue in such a case until after six months. (Comp. Laws 1879, p. 661, § 453a; *Reynolds v. Quaely*, 18 Kas. 361; *Pierce v. Butters*, 21 Kas. 124.) The judgment will be modified in this respect; otherwise it will be affirmed. The costs of this court will be divided.

All the Justices concurring.