## McCALL v. EASTWICK.

### December 17, 1836.

#### *Case stated.*

A. and B., mechanics, agreed to do work for the buildings of each other respectively, and when done to settle their accounts; and the balance was to be paid by the party who should be found in arrear. The parties never did settle or strike a balance; but A. filed his claim against the building of B. and proceeded by *scire facias* to recover an amount, being a balance really due. *Held:*

1. The plaintiff was entitled to recover on *scire facias.*

2. A debt was contracted by B. in the erection of his building, within the act relating to mechanics' liens—enabling A. to recover, although no balance had been settled between the parties previous to the filing of the claim.

3. The mechanic or material-man may have the personal responsibility of the party contracting or purchasing, or accept other securities, and yet have his lien on the building, being collateral rights, unless regulated by express contract otherwise.

4. In the absence of such express contract, no presumption to the contrary arises.

THIS was a *scire facias* on a claim filed under the acts giving a lien to mechanics and material men for their work done and materials furnished.

The following case was stated in the nature of a special verdict for the opinion of the court.

" The plaintiff is a carpenter, and did sundry carpenter work at the building in question, against which his claim was filed on the 2d of September, 1835, for 496 dollars 82 cents, being within six months, &c.; and it is agreed that a balance is due to him of 187 dollars 12½ cents. Prior to his doing the work in question it was agreed between the parties that they should mutually do work for each other: that the plaintiff should do the carpenter work at the building in question for the defendant, and that the

[McCall v. Eastwick.]

defendant, who is a plaisterer, should do any plaistering work for the plaintiff; and when the whole was done, a settlement of their accounts was to be made between the parties, and the balance was to be paid by the party who should be found to be in arrear. The plaintiff accordingly did the carpenter work for the defendant, amounting, according to his bill or account, to 508 dollars 37 cents; and the defendant did plaistering work and furnished materials, &c. for the plaintiff at two brick houses situate on the west side of Broad Street, between Shippen and Fitzwater Streets; also at plaintiff's house in Twelfth Street below Lombard; also at the corner of Broad and Shippen; and also sundry jobbing work at different places, the total amount of which said work and materials is 275 dollars 89 cents, as is alleged by the defendant. The defendant had also paid the plaintiff in cash at sundry times the sum of 45 dollars 25 cents, making the total amount of his bill against the plaintiff 321 dollars 14 cents, and leaving due by him to the plaintiff the sum of 187 dollars 12 cents. After the work was done by each party respectively, no settlement of their respective accounts took place, but the plaintiff filed his claim and made out the same. The defendant has since taken the benefit of the insolvent laws of this commonwealth.

" The question for the court to determine is, whether the plaintiff is entitled to a claim or lien for the work done, and and whether this action can be sustained or not. If the court shall be of opinion with the plaintiff, then judgment to be entered for him for the above balance of 187 dollars 12 cents, with interest from September 2d, 1835. If otherwise, then judgment to be entered in favour of the defendant."

*Lex*, for plaintiff, argued, that notwithstanding there had been no settlement of accounts between the parties and balance struck, according to their agreement, yet the claim was a good one, and plaintiff was entitled to recover in this action. 14 *S. & R.* 32.

*I. Norris*, contra, contended, 1. That no debt could be said to have been contracted unless the parties had settled their accounts. 2. That the parties had contemplated looking to their respective individual liability, and not to the buildings on which they did the work. 2 *S. & R.* 170; 16 *S. & R.* 56; 2 *Rawle* 351.

[McCall v. Eastwick.]

PER CURIAM.—In this case, judgment must be entered for the plaintiff. A " debt" was clearly " contracted" in the erection of the building, within the purview of the acts regarding mechanics' liens, although the parties might not have struck a balance of the amount due resulting from their mutual dealings. A debt may be contracted, though it may be the subject of set-off, founded on a *quantum meruit,* in which case the amount due is unliquidated. Nor is there any presumption, from the agreement of the parties, that the plaintiff intended to waive the right to a lien against the building. The rule has been well settled that the mechanic or material-man may have the personal responsibility of the party contracting or purchasing, or accept other securities, and at the same time have his lien on the building, and he will not be deprived of the latter unless the parties contract that the personal liability or the acceptance of other securities shall be a waiver of the lien under the act of assembly. There is a large class of cases in which there are various rights and remedies collateral to each other, and this case is of that class.

Judgment for plaintiff.[a]

---

[a] This decision was under the acts prior to that of 16th June, 1836, on the same subject, but is equally applicable to the latter.

