51 291
72 270

## J. W. PARBERRY VS. N. B. JOHNSON & CO.

1. MECHANIC'S LIEN: *Deed of trust; case in judgment.*
   J. & Co. held a mechanic's lien on a lot and building belonging to P. J , one of the firm of J. & Co., held an individual debt against P. and took a deed in trust, jointly with others, to secure the debts of the several persons on the property of P., and in the deed included the property upon which J. & Co. held the mechanic's lien, and also including the debt secured by the mechanic's lien. *Held,* that this transaction between J. and P. did not release the mechanic's lien to J. & Co., who subsequently brought suit to enforce the mechanic's lien on the property.

2. SAME: SAME: *Accord and satisfaction.*
   The acceptance of a deed of trust by J. to secure his individual debt, could not release the mechanic's lien upon the property included in the deed of trust in favor of J. & Co., any more than if J. had been an entire stranger. The transaction of J., not being in the name of the firm, or by any agreement, express or implied, in behalf or for the benefit of the firm, the case stands upon legal effect of the trust deed. The trust deed and the acceptance of it by J. cannot, as to J. & Co., be held as an accord and satisfaction, as it contained no words of release.

ERROR to the Circuit Court of *Washington* County.
Hon. C. C. SHACKLEFORD, Judge.

Petition by defendants in error to enforce a mechanic's lien for $200 on the real estate of plaintiff in error. Plaintiff in error, J. W. Parberry, made to N. B. Johnson a deed on April 6, 1872, assigning certain real estate, consisting in part of a stable upon which the mechanic's lien was claimed, and certain personal estate, for the payment of debts including the debt due Johnson, and sued for by the latter, upon condition, that if the debts were not paid that Johnson should proceed to sell the property and apply the proceeds to all the debts enumerated. It is in proof that Johnson entered on the premises under the deed, and occupied it until the institution of this suit.

The deed included, among other property, the realty upon which Johnson claimed his mechanic's lien. Johnson admits the execution of the deed, denies that he accepted the terms of the deed or waived any rights by taking it.

The court charged the jury for plaintiff:

" 1. If the jury believe from the evidence that the materials mentioned in plaintiffs' petition and bill of particulars were furnished the defendant by plaintiffs, and the same or any part thereof were used by the defendant in construction of, or repairing, or adding to, the stable mentioned in plaintiffs' petition, and that the price of the same is unpaid, they will find for the plaintiffs to the extent of the value of the materials so furnished and used, with six per cent. interest from the date when due, unless the jury believe from the evidence that the deed of trust was accepted by plaintiffs in satisfaction and payment of said claim."

The following instructions were asked by the defendant and refused by the court: " The court instructs the jury, that in arriving at the intention and meaning of the parties in the execution of the deed in trust in question, they are to look to the deed itself and not to statements made by the witness, Johnson, as to what he intended by said deed, and if the jury believe from the evidence, that the plaintiff, N. B. Johnson, executed the deed in question, and that the deed by its terms and tenor is in effect a release or accord and satisfaction of the claim sued for,

or of the remedy sought by this proceeding, then the jury will find the issue joined for the defendant."

The jury found for the plaintiff. A motion for a new trial was made and overruled by the court, and defendant brought the case to this court and assigned for error the following, to wit:

1. The court erred in granting the instructions asked by the plaintiffs.

2. And in refusing the instructions asked by defendant.

3. In not setting aside the verdict and in refusing to grant a new trial on defendant's motion.

4. In sustaining the fourth plea.

5. In excluding testimony for defendant.

*Frank Johnson*, for plaintiff in error:

It must be conceded from the evidence, that Johnson not only executed the deed without objection, but that it was fairly made, and that he occupied the premises under the deed.

It is submitted, that taking the new security, embracing other other property, was a waiver of the original mechanic's lien. Where personal security is taken by a vendor of real estate, he thereby waives his equitable lien. 9 S. & M., 122; 13 id., 346; 42 Miss., 792; 44 id., 457. In the case at bar the new security taken embraces the original property; but, it is insisted that he did not intend to accept it as satisfaction.

The enforcement of the original lien is incompatible with the terms of the deed of trust; under the latter, several different persons are secured, all standing on the same footing, and petitioner is seeking to apply part of the common property exclusively to the payment of his debt under his original lien.

*W. N. Nugent*, for defendant in error:

The plea of accord and satisfaction is relied on. Parberry executed the deed to secure several creditors, including defendant in error. The plea not only denied the acceptance of the deed, but avers that he declined because it was void. The law will raise no presumption of waiver of his original lien.

The deed was simply executory. It was not acknowledged or

recorded, and seems never to have been actually delivered. Barnes *v.* Lloyd, 1 How., 584; Guion *v.* Doherty, 43 Miss., 538.

The failure to rejoin to the plea was a fatal admission. It admitted the fact that property was fraudulently withheld which it was agreed should be conveyed. Roberts *v.* Haley, 2 How., 886; Thigpen *v.* M. C. R. R. Co., 32 Miss., 347. If, however, the pleadings were all in proper shape, the testimony is conclusive, and the question leaves no ground even for an argument.

TARBELL, J., delivered the opinion of the court.

Johnson & Co. had a mechanic's lien on a lot and building of Parberry. While this lien existed, and before any steps were taken to enforce it, Parberry executed a deed of trust, of which the material parts are these: It is "by and between" Parberry and Johnson, who was one of the firm of Johnson & Co.; the several debts owing by Parberry are specified, including the one to Johnson & Co., for which they held the mechanic's lien. To secure these debts the deed of trust is made; in consideration of ten dollars to him (Parberry) paid, by Johnson, conveyance to Johnson, for the purposes named, of the premises whereon the mechanic's lien was held, together with Parberry's livery stable, sheds, horses, mules, harness, saddles, and accounts due Parberry, in trust for the payment of the debts specified, Parberry to remain in possession forty days, the livery stable and business to be in charge of the clerk of Parberry, and the receipts, after paying expenses, to be deposited in bank to the credit of Johnson; at the end of forty days, if debts named are not paid, Johnson is authorized to take possession of property conveyed, and to sell it, on notice, at public auction; out of the proceeds to pay the debts enumerated, and then the deed concludes thus: "And said party of the second part doth hereby signify his acceptance of this trust, and doth covenant and agree to and with the said party of the first part to faithfully discharge and execute the same according to the true intent and meaning of these presents." Parberry and Johnson both signed the deed. That Johnson took possession of

the property described therein, in pursuance of its terms and for the purposes of the trust, was admitted; yet, on objection by plaintiffs, this evidence was excluded.   Subsequent to the deed of trust Johnson & Co. instituted proceedings in the circuit court of Washington county to enforce the mechanic's lien.   In that proceeding the effect of the execution and acceptance of the deed of trust upon the mechanic's lien was presented and passed upon in various aspects.   One of the pleas (the fourth) set out the deed of trust and averred it to be, on its face and by its terms, a waiver of the mechanic's lien.   A demurrer to this plea was sustained.

Another plea set out the deed as an accord and satisfaction. To this plea there was a replication that the deed was void for fraud, in this, that Parberry had fraudulently concealed and withheld from the conveyance, valuable property.

On the trial, Johnson was examined as a witness, but made no allusion to the fraud averred in the pleadings.   As to the deed, he says, quoting the language of the bill of exceptions:   "Admitted the execution of the deed of trust referred to in the pleadings, but denied that it was received or accepted in full accord or satisfaction of the debt sued on."

The court instructed the jury to find for the plaintiffs unless they should believe, from the evidence, that the deed of trust was accepted by plaintiffs in satisfaction and payment of their claim sued on.

The defendant requested the court to instruct the jury that they were to look to the deed itself for the intention of the parties, and not to the statements of Johnson, as a witness, as to his intention, and that if they believed the deed, by its terms and tenor, was, in effect, a release, or accord and satisfaction of the claim sued for, or of the remedy sought by this proceeding, then they would find for defendant; but this instruction was refused.

In this condition of the case the jury returned a verdict for plaintiffs, when the defendant prosecuted a writ of error, and it is claimed that the court below erred in granting the instructions for the plaintiff; in refusing the instructions for defendant; in over-

ruling the motion for a new trial; in sustaining the demurrer to the fourth plea, and in excluding evidence for defendant.

It is believed that the several propositions presented to the court below may be resolved into two, viz: 1. Whether, in view of the facts presented in the record, the execution and acceptance of the deed of trust by Johnson had the effect to waive, release or discharge the mechanic's lien in favor of Johnson & Co.; or, 2. Whether the deed was accepted in satisfaction and payment of the claim of the plaintiffs in the case at bar.

It will be observed that the deed of trust is to Johnson individually, and not to Johnson & Co., the firm of which he was a member. Its acceptance by him was likewise not in words for the firm, or in its name, but in his individual name. There is no evidence in the record or claim that he was acting for, or on behalf of the firm. Neither is there any evidence or claim that the firm accepted, acquiesced in, or ratified the arrangement as made for its benefit. On the contrary, this proceeding was instituted April 15, 1872, nine days after the execution of the deed of trust. Is not this case distinguishable from those wherein the admissions of a partner bind the firm; from those with reference to the power of one partner to bind the firm, within the scope of the partnership, though exceeding its terms, and from those wherein an equitable lien is released by taking other security? In other words, upon the record as now presented, Are the rights of the firm any more involved than they would be were Johnson an entire stranger? Would not the whole case be changed in principle and in fact if the transactions of Johnson had been in the name of the firm? Or by agreement, express or implied, in behalf of, or for, the benefit of the firm?

The case stands upon the naked, legal effect of the trust deed, which contains no terms of waiver, release, or of accord and satisfaction. It is now axiomatic, that within the scope of the partnership, each partner is the agent of the firm, and particularly for the collection, compounding and release of debts. But this is not the case of a release on discharge of a debt, as in Story on Part., §§ 115, 120,

323, 324, and the authorities therein referred to. It is rather an instance of cumulative security. The creditors of Parberry are not interferring in this litigation; but the correctness of the conclusion reached may be illustrated by the supposition that proceedings were instituted to foreclose the trust deed, and that creditors named therein, other than Johnson & Co., sought of equity, a decree limiting the latter to their mechanic's lien. In such a case, would not equity compel Johnson & Co. to resort to their original security, so far, at least, as it could be done without prejudice? 5 How., 253; 38 Miss., 630. Again, the mechanic's lien is specific; it is conferred by statute. While it might be abandoned (Richardson v. Warwick, 7 How., 131), it cannot be likened to a merely equitable lien, which is waived by taking other security. And besides, in this case, Johnson did not act in the name of, or for, his firm in fact. Each partner is the agent of the firm for the transaction of the legitimate business of the partnership. Suppose Johnson to have been only an appointed agent of Johnson & Co., and not a copartner; would it be contended that his acceptance of the trust deed had the effect to waive, or release, or discharge the prior lien, unless so intended? It is believed this question must be answered in the negative; and yet, upon the record, has the act of Johnson any different effect upon the claim of his firm? To this, also, it is believed, a negative reply must be made.

As a general rule, a single partner, when he seeks to bind the firm, must use the partnership name. Story on Part., § 202; id., § 102, note 2, p. 185; Story on Ag., § 37. The case at bar is not within any of the exceptions to this rule. Story on Ag., §§ 147, 155, 161; Story on Part., §§ 115, 120, 323, 324; 3 Johns., 68; 14 id., 387; 17 id., 58; 19 id., 513; 9 Wend., 120; 11 Pick., 400; Pars. on Part., 95; 3 Kent, 41; Pars. on Part., 103 et seq.; id., 170 et seq. and notes.

The jury found that there was no agreement to accept the deed of trust as an accord and satisfaction of the claim in controversy, nor was it so accepted, in fact, and, substantially, that there was

no agreement of waiver, nor waiver in fact. Looking at the face of the trust deed, therefore, by which the case must be determined, a correct result was reached in the court below.

Judgment affirmed.