JEREMIAH J. HOWE and another *vs.* CHARLES F. KINDRED, impleaded, etc.

January 31, 1890.

**Mechanic's Lien — Effect of Taking Notes and Other Security — Novation — Waiver.**—Plaintiffs, as material-men, furnished W. H. Leland and Mrs. L. M. Witt, under contract, lumber with which to build a hotel, commencing to deliver the same October 5, 1883. Witt and Leland then owned the lots upon which the hotel was to be built. In November of the same year W. and L. executed and delivered to appellant a mortgage upon the premises, which has been foreclosed, and under which appellant now claims title. Plaintiffs took from W. and L. at the end

of each month, notes for the balance which might then be due on lumber account. On April 5, 1884, in consideration of the assumption by three other persons of Leland's indebtedness for material, the latter sold to the former his interest in the hotel property, and a new firm was organized, consisting of Mrs. Witt, who retained her interest, and these three persons, under the firm name of Witt, Hartley & Co., for the purpose of completing the hotel. As the notes of W. and L. matured the notes of the new firm were substituted. These were all discounted at the bank by plaintiffs, were several times renewed, but the day of payment was in no case extended beyond the life of the lien provided by statute for mechanics and material-men. On December 18, 1884, plaintiffs, by means of a certain transaction with the debtors and the bank, took chattel security for a part of their claim, and, upon foreclosure of the mortgage, realized a sum much less than the amount so secured. All of the notes so given by Witt, Hartley & Co., and discounted as aforesaid, have been paid and taken up by plaintiffs. *Held,* that, as against the appellant's claim under his foreclosed mortgage, the plaintiffs have not lost or waived their lien.

Action to enforce a mechanic's lien for $3,379.20, brought in the district court for Crow Wing county, and tried by *Sleeper,* J., who ordered judgment for plaintiffs. After his decease a motion for a new trial was denied by *Searle,* J., and the defendant Kindred appealed.

*Warren H. Mead* and *G. S. Fernald,* for appellant.

*W. S. McClenahan,* for respondents.

COLLINS, J. The plaintiffs, as material-men, brought this action to foreclose a lien claimed by them upon certain town lots. Defendants W. H. Leland and Mrs. L. M. Witt, then owners of the lots, entered into a contract with plaintiffs, whereby the latter were to furnish lumber with which the former were to build a hotel upon the premises. The first lumber furnished under this contract was delivered October 5, 1883. On the 27th of November, same year, Witt and Leland executed and delivered a mortgage upon the lots to the defendant Kindred, which has since been duly foreclosed. The year of redemption having expired, Kindred claims title, and is in possession. The plaintiffs took Witt and Leland's notes for the amount due them on account of lumber furnished, at the end of each month, indorsing and discounting them at the bank. On the 5th of April, 1884, Leland

sold his undivided two-thirds interest in the property to G. G. and B. F. Hartley and James Dewar. A copartnership was then formed composed of the same Witt, the Hartleys, and said Dewar, under the firm name of Witt, Hartley & Co., which assumed the liabilities of Witt and Leland, and undertook to complete the hotel. Except as to lumber, valued at about $163, which was furnished before September 1, 1884, all the material for which a lien is claimed had been delivered by the plaintiffs before Leland sold. At the date of the sale, April 5th, plaintiffs held the notes of Witt and Leland for the value of the lumber furnished, which had been discounted as before stated. As these notes matured, plaintiffs met them, and, in place thereof, took the notes of Witt, Hartley & Co., which were also discounted. These notes were several times renewed by Witt, Hartley & Co., and on December 18, 1884, the firm, needing some money, executed and delivered its note to the bank, indorsed by plaintiffs, for the sum of $2,000, secured by a chattel mortgage upon the hotel furniture. A note for $1,600, previously given to plaintiffs by Witt, Hartley & Co., was thereby taken up, the latter receiving $400 in cash. Subsequently this mortgage was foreclosed; and out of the proceeds of a sale of the furniture the bank realized and indorsed the sum of $833.33. In none of these notes was the time of payment extended beyond the life of the lien. Each has been paid, and is now held by the plaintiffs, who duly made and filed an affidavit for a lien in the month of March, 1884. The appellant, Kindred, contends that by a novation and substitution of parties—that is, taking and accepting Witt, Hartley & Co. as debtors in lieu of Witt and Leland, as well as by taking other and distinct security for a part of the indebtedness, namely, the chattel mortgage—the plaintiffs have waived and lost their lien.

1. At the time plaintiffs accepted the notes of the new firm of Witt, Hartley & Co., Mrs. Witt, a member of the firm, (the appellant's mortgagor, and one of the parties to the original contract, under which plaintiffs furnished material,) retained her undivided one-third interest in the property in question, while the other members of the new firm succeeded by purchase to the undivided two-thirds then held by Leland, (the other party to the contract for material,) taking upon

themselves, and promising to pay, his share of the indebtedness to plaintiffs. Witt, Hartley & Co. stepped into the shoes of Witt and Leland, both as to the property and the indebtedness. They not only held and owned the premises which were subject to the lien, but had assumed, and therefore owed, the debt as to which plaintiffs' right of lien existed. Certainly Mrs. Witt could not be heard to say that, as to her share in the property, plaintiffs' lien has been displaced by reason of a substitution of debtors. Nor could those who, by assuming the indebtedness upon which the right to a lien is based, succeeded to Leland's interest in the lienable premises, be permitted to urge that by means of this transaction the statutory security has been lost by novation of parties. If the defence of novation and substitution of debtors is of no avail in the hands of Witt, Hartley & Co. as against plaintiffs' claim of lien, it must be equally as useless when presented by appellant. Under the undisputed facts, the acceptance of the notes of Witt, Hartley & Co. did not affect the lien any more than would the taking of renewal notes from Witt and Leland, had they remained the owners of the property.

2. Through the transaction with the bank upon December 18th, it must be admitted that the plaintiffs took other and distinct security for a portion ($1,600) of their claim. As before stated, it is urged by appellant that by this act the right of lien has been waived and lost. There is no doubt but, as between the parties themselves, the question of waiver is largely one of intention. *Hale* v. *Burl., C. R. & N. R. Co.,* 2 McCrary, 558; *Peck* v. *Bridwell,* 10 Mo. App. 524; *Gilcrest* v. *Gottschalk,* 39 Iowa, 311; *McCall* v. *Eastwick,* 2 Miles, 45; *Parberry* v. *Johnson,* 51 Miss. 291; *Grant* v. *Strong,* 18 Wall. 623; *Bashor* v. *Nordyke & Marmor Co.,* 25 Kan. 222; Phil. Mech. Liens, § 272 *et seq.* In this case the security was not of a higher order than that already resting upon the premises, nor was it taken from a third party. It was chattel security taken from Witt, Hartley & Co., the debtors, and, in part, at least, the object was to help the debtors to a small amount of money. It must therefore be presumed to have been taken as additional and collateral only, and not intended as an abandonment or extinguishment of the plaintiffs' subsisting right to a lien upon real property. As this was the presumption arising

from the circumstances, the court would have been justified in finding as a fact that there was no intention upon plaintiffs' part to waive or abandon their lien. The findings as made, in connection with the attached memorandum, clearly indicate that the court did so conclude. In nearly all of the cases wherein it has been held that the statutory security has been lost by the taking of distinct security, the doctrine of equitable estoppel has been invoked and applied. It is obvious that, should one having a lien upon land induce a third person to believe that he did not intend to rely upon such security, but upon other means of payment, he would waive his specific right, and could not thereafter be permitted to assert it to the prejudice of such person. The acts of the plaintiffs with reference to their claim would have to bear their natural construction, regardless of what might have been the real intent, if these acts had been relied upon, and had controlled the conduct of other persons dealing with the property, and, had they been sufficient, would be, upon principles of equitable estoppel, conclusive evidence of a waiver, although, as between the parties themselves, of no significance. The reason usually given in the adjudicated cases for holding that a mechanic or material-man has lost his lien by taking security, either upon the property to which the lien attaches or upon other property, is that subsequent lienholders and purchasers have a right to rely upon the record, and should be protected against secret liens. *Trullinger* v. *Kofoed*, 7 Or. 228, (33 Am. Rep. 708.) This reason is without force in the case at bar. The appellant took his mortgage long prior to any of the acts relied upon by him as constituting an extinguishment of the lien; and, when taken, it was subject to plaintiffs' right to perfect a claim already attached to the premises. His situation has never been changed by anything plaintiffs may have done; and, in fact, it is not apparent that he had any knowledge of these various transactions until after the commencement of this action.

Order affirmed.