ST. PAUL LABOR EXCHANGE CO. *vs.* FREDERICK J. EDEN, O. HEWSON, *et al.*

Argued Dec. 16, 1891. Decided Jan. 6, 1892.

**Mechanic's Lien not Waived.**—When a building upon the premises herein involved was partly completed, the respondent, Eden, became the owner of the entire property, assuming and promising his vendor to pay appellants for lumber already furnished and to be furnished to the original contractor for use in the building, under a contract for the entire bill of lumber for a round sum. A part of the lumber had already been used. Eden then stated to appellants that, if they would furnish and deliver the balance, he would pay the round sum agreed on. This was done, and he used the same in completing the building. *Held,* following *Howe* v. *Kindred,* 42 Minn. 433, that appellants had not waived or discharged their right to a lien.

Appeal by Obadiah Hewson and Martin Scanlan, two of the defendants, from a judgment of the district court of Ramsey county, *Kerr,* J., entered May 23, 1891.

This action was brought to enforce a mechanic's lien for materials furnished and labor done by plaintiff upon an unfinished building situated on a lot in St. Paul. It was brought under Laws 1889, ch. 200, against Frederick J. Eden, the owner, and against the appel-

lants, Hewson & Scanlan, who furnished lumber for the building and claimed a lien. All other lien claimants were also made defendants.

The action was tried November 20, 1890. The court found for plaintiff as prayed, and also found that Hewson & Scanlan were entitled to judgment against the defendant Eden for $550, and interest and disbursements, but were not entitled to a lien upon the property, because they were regarded within the rule laid down in *Abbott* v. *Nash*, 35 Minn. 451. They moved to amend the findings, but their motion was denied. Judgment was entered directing a sale of the property, and distribution of proceeds among the other lien claimants, and excluding Hewson & Scanlan from participation.

*Daniel W. Doty*, for appellants.

The only authority cited in support of the decision below that appellants have waived their lien is *Abbott* v. *Nash*, 35 Minn. 451. This case has upon the point here involved been overruled, or at least modified, by later decisions of this court, (citing cases mentioned in the opinion.)

*Kueffner & Fauntleroy*, for respondent.

The lien of Hewson & Scanlan failed because they abandoned their contract with Engholm, and made a new one with Eden, and furnished part of the lumber to Engholm and a part to Eden, for one lump price, and the court was unable to find the value of the respective parts. Had they finished their original contract regardless of the change of owners, they might have succeeded. But they are trying to enforce one lien for an entire contract for a lump price made with and performed for separate owners, and Engholm, one of the contractors, is not made a party to this action. None of the later cases interfere with *Abbott* v. *Nash*.

COLLINS, J. Stated as briefly as possible, the facts presented by this appeal are as follows: On September 21, 1889, one Peterson, who held an executory contract with the owner for the sale to him of the real property herein involved, a city lot, made a contract with one Engholm for the erection of a building upon the lot, the latter to furnish all materials and fully complete the building. Four days thereafter Engholm entered into a contract with these appellants,

who were lumber dealers, whereby the latter were to furnish and deliver, as required for use in the erection of the building, all of the lumber mentioned in a certain bill of particulars previously prepared by Engholm, for the gross sum of $550, payable within 60 days after the date of the first delivery. By November 1st about two thirds of the lumber had been delivered, but, from the testimony, the trial court was unable to determine which of the various items of lumber specified in the bill of particulars had been so delivered. On the day last mentioned, the building then being partly constructed, Engholm, in consideration of an agreement made by Peterson to assume and discharge all liabilities which had been incurred by him in and about the erection of said building, transferred and assigned all of his rights and interests in the building contract to Peterson; and the latter, for a like consideration, upon the same day sold and assigned all of his right, title, and interest in the entire premises to the defendant Eden, to whom the legal title was transferred on November 21st, by the person who had held the same during these various transactions. About the time Engholm assigned his interest in the contract, he notified these appellants not to deliver any more lumber for the building, but immediately after the sale to Eden he again called upon them, and stated what had occurred, and that he had no further objection to make. Eden thereupon requested that the balance of the bill of lumber be delivered, stating that, if it was, he would pay the stipulated price of $550. Thereafter the appellants furnished and delivered to Eden the remainder of the bill of lumber, the last upon December 3, 1889, and all of the material furnished was used in the building by Engholm, the original contractor, or by Eden, who finally bought the premises. No part of the stipulated price was paid. The appellants strictly complied with their part of the contract with Engholm, furnishing the lumber as called for; they took no part in any of the transactions whereby Eden finally secured the property; and did not, by novation or otherwise, release Engholm from the obligation to pay arising out of his original purchase. The court below placed its order denying a lien to the appellants squarely upon the rule of law laid down in *Abbott* v. *Nash*, 35 Minn. 451, (29

N. W. Rep. 65.) Without entering into any consideration of the claim made by counsel for appellants herein, that the facts in this case are easily distinguishable from those presented in the *Abbott Case*, and hence not controlled by it, we can say that it would be extremely difficult to reconcile a portion of the opinion in that case with what has been written in several of the later cases, notably *Boyd* v. *Blake*, 42 Minn. 1, (43 N. W. Rep. 485,) and *Howe* v. *Kindred*, 42 Minn. 433, (44 N. W. Rep. 311.) It may also be said that none of the cases named in *Abbott* v. *Nash* fully sustain the conclusion reached on the point, or as to the facts to which they were made referable, and seem to have been cited under a misapprehension. All are to the effect that where labor or materials, or both, are furnished under an entire contract, with no stipulation for a separate price for either or any of the different items of labor or materials, a part only being lienable, there can be no lien for such part, or for the whole. In the case at bar, at the time Eden became the owner of the premises, these appellants were under contract, in part complied with, to furnish all the lumber specified in the bill for a round price, and until they performed, or, at least, until performance was waived or prevented, they were not entitled to a lien. But with this obligation on their part came the right to comply with the terms of their contract by a delivery of all of the material, and thereupon the right to enforce their lien. Of this right the appellants could not be deprived by any acts of other parties. Such being the condition of affairs, Eden bought the property from Peterson, promising him to pay for the lumber purchased by Engholm, and for which the entire premises were then liable, or would become so. In the language found in *Howe* v. *Kindred, supra*, he stepped into the shoes of Peterson, "both as to the property and the indebtedness." He not only owned the premises which were subject to the lien, but had assumed, as between his vendor and himself, and therefore owed, the debt for which the right of lien existed. Nor were the relations of the parties or the situation changed by reason of Eden's statement to appellants that he would pay the bill if they would deliver the balance of the material. They were then under obligations to deliver, and he had bound himself to Peterson to pay. He had

assumed the indebtedness on which the right to a lien was based without being accepted by appellants as a debtor in place of Engholm, had succeeded to Peterson's interest in the lienable premises, and cannot be heard to say that by means of this transaction the statutory right and remedy given to appellants has been lost. The right to a lien for the value of all materials furnished by appellants under their contract with Engholm was not waived or discharged. The case is clearly within the rules laid down in *Howe* v. *Kindred.*

The case is remanded to the court below, with directions to amend its judgment so as to make the amount of the appellants' claim, as said amount was therein determined, a specific lien upon the premises described in the complaint, in accordance with the views herein expressed.

(Opinion published 50 N. W. 921.)