. 72  269|
s72  966|

SMITH & VAILE CO. v. E. S. BUTTS ET AL.

MECHANIC'S LIEN.   *Waiver.   Taking additional security.*

    The statutory lien of a mechanic, or material man (Code 1892, § 2698), is not waived by merely taking additional security not inconsistent therewith. *Purberry* v. *Johnson*, 51 Miss., 291.

FROM the circuit court of Warren county.

HON. L. W. MAGRUDER, Special Judge.

Appellants sued the Vicksburg Cotton Oil Co., as maker, and Roach & Edwards, as indorsers, of a note for $1,500. The note was given in part payment for certain machinery appurtenant to a cotton oil mill, and plaintiff, in addition to a personal judgment, sought to enforce its statutory lien on the machinery on which it was situated. There was a judgment by default, but subsequently, at the same term, E. S. Butts and M. Dabney, claiming a lien on the property by virtue of a deed of trust executed by the oil company to them as trustees, procured the court to set aside the judgment in so far as it fixed a lien on the property. Having been admitted to defend as to this branch of the case, they demurred to the declaration, on the ground that plaintiff, by stipulating for and obtaining the additional security of the indorsers, had waived its statutory lien. The demurrer was sustained, and plaintiff appeals.

*A. M. Lea*, for appellant.

The mechanic's lien is conferred by statute, and, while it may be abandoned, it is not waived merely by taking additional security, as is the case with merely equitable liens.

*Ehlers* v. *Elder*, 51 Miss., 495; *Parberry* v. *Johnson*, *Ib.*, 291; *Kingsland* v. *Massey*, 69 *Ib.*, 296; 40 Fed. Rep., 339; 17 Ind., 458.

*Dabney & McCabe*, for appellees.

The great weight of authority is that taking other security waives the mechanic's lien. Overton on Liens, section 477; 2 Jones on Liens, sections 1500, 1519; 41 Am. Dec., 221; 33 Am. R., 708; 15 Am. & Eng Enc. L., 104; *Cordova* v. *Hood*, 17 Wall., 1.

COOPER, C. J., delivered the opinion of the court.

The weight of authority seems to be, and probably the better view is, that, where a lien is given by law, but the person entitled thereto, in making his contracts, takes other and different security, he thereby waives the lien given by law, and must rely upon the security he has stipulated for. In most of the courts these statutory liens are held not to differ essentially from the equitable lien of a vendor, and the same rules are applied to them. But in this state a different rule prevails, for, in *Parberry* v. *Johnson*, 51 Miss., 291, it was held that the lien of a mechanic was not waived by taking other security, as would be the case of the equitable vendor's lien. Nearly twenty years have elapsed since this decision, and our laws have twice since been codified without changing the rule. We are therefore unwilling to disturb it, and in cases in which the security taken is not inconsistent with the existence of the statutory lien, the mere fact that other security is taken does not afford a presumption of a waiver of the statutory lien. A party may waive the lien by contract (*Buck* v. *Payne*, 52 Miss., 271); and if the security taken is inconsistent with that given by law, this, as to innocent purchasers at least, is a waiver. *Gaines* v. *Keeton*, 68 Miss., 473; 2 Jones on Liens, § 1520.

*Judgment reversed, demurrer overruled and cause remanded.*