DODDS *v.* CAVETT *et al.*

(Division A.   Nov. 19, 1923.)

[97 So. 813.   No. 23105.]

1. MECHANICS' LIENS.   *Petition to enforce not amendable twelve
months after cause of action arose.*

Under Code 1906, sections 3058-3075 (Hemingway's Code, sections
2418-2435), a petition to enforce a lien against certain buildings
for material furnished cannot be amended so as to include other
buildings twelve months after cause of action arose.

2. MECHANICS' LIENS.   *Holder of assigned note for materials may
enforce lien.*

A holder of an assigned note given for materials furnished in a
building may enforce the statutory lien against the building.

3. MECHANICS' LIENS.   *Lien enforceable only to extent materials
went into building.*

Where it is shown that a definite amount of material went into
one building, but the amount is not shown going into others,
the lien may be enforced against the former alone to that ex-
tent.

APPEAL from circuit court of Coahoma county.
HON. W. A. ALCORN, JR., Judge.

Suit by Anna B. Dodds against W. M. Cavett and
others.   Judgment for defendants, and plaintiff appeals.
Reversed and remanded.

*Maynard, Fitzgerald & Venable,* for appellant.

There are only one or two questions involved in this appeal: First: Was it error for the court to refuse plaintiff the right to amend her petition so as to cover the additional cotton houses which are shown by the proof to have contained part of the lumber sued for? Second: Was plaintiff entitled to a lien on the other buildings described in the declaration for the amount of the lumber and material shown by the evidence to have gone into the particular houses and commissary described? Third: In deciding point No. 2, it becomes necessary for the court to say whether or not in a suit of this nature it is incumbent upon the plaintiff to show the exact amount of material and lumber for which a lien is claimed that went into each building. Fourth: Did the lower court err in excluding all the testimony in regard to the lien and in giving judgment against Cavett *in personam?*

We take it to be well-settled law that the mechanic's lien statute is a proceeding equitable in nature. *Weathersby* v. *Sinclair,* 43 Miss. 189; and that amendments are allowed with the greatest freedom by the court. *Nobles* v. *Terrell,* 64 Miss. 830; *Duff* v. *Snider,* 54 Miss. 245; *Prairie Lodge* v. *Smith,* 58 Miss. 301.

The statutes are construed with the greatest liberality in favor of the mechanics. *Weathersby* v. *Sinclair, supra; Buchanan* v. *Smith and Barksdale,* 43 Miss. 90.

We do not find in Mississippi any cases involving the purchase of material and the use of the same in buildings other than that in which it was intended to be used; but we do find in the case of *Planters Bank* v. *Dodson,* 9 S. and M. 527, that the liens were held equitable in nature and divided between the Planters Bank and Dodson, both of whom had furnished material, some of which went into out houses and some into the main building or residence of Fourniquet.

There can be no question that the lien herein was properly assignable independent of the statute to Mrs. Dodds by the Sunflower Lumber Company. *Kerr* v. *Moore,* 54 Miss. 286, and of course the lien was not waived by the taking of the note. *Parberry* v. *Johnson,* 51 Miss. 291; *Smith* v. *Butts,* 72 Miss. 269; *Ehlers* v. *Elder,* 51 Miss. 495.

There can be no question that the plaintiffs were entitled to a lien on the houses and the commissary at any rate, whether they are entitled to a lien on the realty or not. *Planters Lumber Company* v. *Tomkins,* 111 Miss. 307.

*Flowers & Brown,* and *Brewer, Brewer & McGehee,* for appellees.

Counsel for appellant say that there are only one or two questions involved in the appeal, and that the first of these is: "Was it error for the court to refuse the plaintiff the right to amend her petition so as to cover the additional cotton houses, which was shown by the proof to have contained part of the lumber sued for?"

It is contended by counsel for appellant that she should have been allowed to amend her declaration so as to ask for a lien on certain cotton houses, and they state that no statute of limitations could possibly have interfered. While the reason for the court's refusing to allow the amendment is not shown in the record, it was on the ground that the right to impress a lien on the cotton houses was barred by the statute of limitations, and that it would be a vain and useless thing to allow an amendment, when at the time the amendment was asked for, the court could see that plaintiff could not possibly be benefited thereby, for the reason that no lien could have been impressed on the cotton houses.

On the question as to when the action must be brought, we would call the court's attention to section 3062 of the Code of 1906, (Section 2422 of Hemingway's Code) which is as follows: "Mechanics and materialmen—Lien, how

and when enforced—Any person entitled to and desiring to have the benefit of such lien shall commence his suit in the circuit court of the county in which the property or some part thereof is situated, if the principal of his demand exceeds two hundred dollars, within twelve months after the time when the money due and claimed by the suit became due and payable, and not after; and the suit shall be commenced by petition, describing with reasonable certainty the property upon which the lien is averred to exist, and setting out the nature of the contract and the indebtedness, and the amount thereof."

When the original declaration or petition was filed, no mention whatever was made of the cotton houses. It is not a case of an insufficient description, or where something is attempted to be described, but a case where no reference whatever was made to the party included in the amendment.

This lien is purely a creature of the statute; dependent on that for its force, extent and remedy. The legislature intended that a party asserting the lien, under the article of the Code, before referred to, should speedily, within a short time, pursue his remedy.

As above stated, no reference was made to the cotton house when the petition was filed. Not having asked for a lien on the cotton houses, or the land upon which they were situated, it was too late to amend at the trial, on account of the fact that much more than twelve months time had elapsed.

On the above question, we ask the court's consideration of the opinion in the case of *Clark* v. *Gulf M. N. R. Co.,* reported in 97 So. 185. This case was decided in July of this year and its holdings on the question of the statute of limitations are fresh in the minds of the court.

It is suggested in appellant's brief that there can be no question that the lien of the Sunflower Lumber Company was properly assignable, independent of the statute, to Mrs. Anna B. Dodds, and the case of *Kerr* v. *Moore,* 54

Miss. 286, is cited as authority. We have no fault to find with this authority, and we do not doubt but that a lien can be assigned. But the fact that a lien can be assigned does not always mean that it has been assigned, and we respectfully submit that there was not any proper assignment of the account sued on in this case.

HOLDEN, J., delivered the opinion of the court.

This suit was instituted by the appellant, Mrs. Anna B. Dodds, against the appellee Cavett and others, to enforce a lien for material furnished in certain buildings located on the land of appellee. The lumber was furnished to appellee and used in the repair and construction of certain buildings on his place, and he gave a note to cover the amount due for the material, which note was assigned to the appellant, Mrs. Dodds, and she filed this suit to recover the amount of the note and to enforce the lien against the buildings for the material for which the note was given.

At the trial it developed from the evidence that some of the lumber was used in a commissary building and contiguous house on the premises described in the petition, and other portions of the material were used in other houses and cabins not described in the petition. The petition to enforce the lien did not include any of the houses except the commissary and contiguous house, and when it developed that the lumber had gone into the other houses, not described, plaintiff below moved the court to amend the petition so as to include the houses other than the commissary and contiguous building. This motion was overruled by the court on the ground that more than twelve months had expired since the cause of action against the other houses had accrued.

At the conclusion of all the testimony a peremptory instruction was granted the defendant, denying appellant the right to enforce the lien against any of the houses for the material furnished, but peremptorily granted a per-

sonal judgment against the defendant Cavett for the amount of the note sued on.

This action on the part of the court seems to have been based upon the theory that the proof did not definitely show how much of the material went into the commissary and adjacent building, and how much was used in the construction of the other tenant cabins, and, since the court could not determine for what amount the lien should be enforced against the buildings described in the petition, no judgment could be given for any amount against them.

The appellant contends that she should have been allowed to amend her petition so as to include all of the houses in which the material was used; and, second, that the court erred in not permitting her to enforce her lien against the two buildings named in the petition for at least that part of the material shown to have gone into them.

To make the decision brief on these points, and also on the point raised by the appellee that the assignment of the note to Mrs. Dodds did not carry with it the materialman's lien, we hold:

(1) The court was correct in refusing to permit the amendment so as to include the buildings other than the ones described in the petition, because the right to go against the buildings not included in the petition was barred by the twelve months' limitation at the time the petition was sought to be amended.

(2) It is our opinion, after an examination of the testimony in the record, the proof is sufficiently definite as to the amount and value of the material that went into the commissary and adjacent building to warrant a judgment for the lien against them only to that extent.

(3) We think the note given for the material and assigned to appellant carried with it the statutory lien against the buildings for the material used in their construction.

Therefore it is our conclusion that the lower court erred in granting a peremptory instruction against the plaintiff, which denied her the right to enforce her lien for the material which went into the two buildings named in the petition.

We shall reverse the judgment, and remand the case, for a determination of the question of the amount due for material used in the two buildings against which the statutory lien may be enforced.

*Reversed and remanded.*