# THOMPSON LUMBER COMPANY v. JACOB GRUESNER AND OTHERS.[1]

April 5, 1929.

Nos. 27,130, 27,131.

*Arthur H. Anderson,* for appellant.

*Roberts, Strong, Myers & Covell* and *Seth Lundquist,* for W. C. J. Hermann, respondent.

HILTON, J.

Plaintiff appeals from an adverse judgment in each case.

Actions to foreclose a materialman's liens on lots 14 and 15 in a described block in Minneapolis, being respectively Nos. 3038-40 and 3042-44 13th Avenue south. Defendant Hermann, on October 7, 1925, was the owner of these lots; on that day he sold them to defendant Rose on a contract for a deed for $2,000, payable in instalments. This transfer was a part of an agreement and understanding between defendants Rose, Gruesner and Hermann that the lots should be so purchased by Rose and improved by the erection for him by Gruesner of two apartment buildings thereon at a cost of $72,000. The plan was to be financed by Hermann to the extent

[1]Reported in 224 N. W. 849.

of $44,000 to be secured by a first mortgage of $22,000 on each of the two lots; Gruesner to procure for Rose loans of $20,000 to be secured by a second mortgage of $12,000 on lot 15 and $8,000 on lot 14, and that the balance of the cost of erecting the buildings should be paid by Rose in cash. Rose, in part, failed so to do.

On or about November 2 plaintiff agreed to furnish lumber and millwork for the buildings and to accept as part payment of the value thereof (amounting to more than $12,000) a $12,000 second mortgage on lot 15 and the building to be erected thereon. On November 2 plaintiff wrote a letter to Gruesner, embodying the general plan of the agreement and including the statement that if liens were filed on the property the agreement was to be null and void. This letter was for exhibition to Rose to induce him to enter into the contract for the building. It was so exhibited, and Rose and Gruesner executed such a contract. Plaintiff furnished the agreed material and on June 29, 1926, Gruesner owed plaintiff, as a balance thereof as to lot 14, $6,241.49 and $5,412.74 on lot 15. Plaintiff duly filed liens on the respective lots for the amounts due on each.

At the time of the delivery by plaintiff to Gruesner of the letter to him, it was understood and agreed between plaintiff and Gruesner that the Hermann mortgage should be fully payable in five years without instalments and that plaintiff's $12,000 second mortgage should be paid in instalments and reach its ultimate maturity within said five-year period. In making this agreement, Gruesner was the duly authorized agent of Rose but not of defendant Hermann, who knew nothing about those conditions. A furnisher of plumbing and heating material sent to Hermann a like letter relative to lot 14, its second mortgage however to be only $8,000. The plumbing company eventually released a lien filed by it and took a second mortgage subject to Hermann's mortgage. Plaintiff however did not take a second mortgage as planned, claiming no proper one was tendered in time, and filed its liens relying on the fact that its contributions were begun and that there were visible improvements on the properties before Hermann's mortgages were made and recorded.

It is conceded that the sole question involved in the case is whether the letter hereinafter quoted, written and delivered to Hermann, constituted a waiver of plaintiff's lien rights as against Hermann. The trial court found that it did. Hermann's mortgages having been made and recorded after the actual and visible commencement of the improvements, plaintiff would be entitled to priority over Hermann's mortgages unless there was such waiver. G. S. 1923 (2 Mason, 1927) § 8494.

On December 11, 1925, plaintiff gave a letter to Gruesner addressed to and for delivery to Hermann as follows:

"This is to advise you that we are furnishing the lumber and millwork for jobs of Mr. Jake Gruesner at 3038-40-42-44 13th Ave. South and we have agreed with Mr. Gruesner to take a 2nd mortgage of $12,000 on the job at 3042-44 13th Ave. South as part payment for our material, the balance to be paid us in cash.

"It is understood and agreed that the property is to be free of liens before we can accept this 2nd mortgage. It is also understood and agreed that the 1st mortgage on this job at 3042-44 is to be $22,000."

This letter was written and delivered to Hermann for the purpose of inducing him to proceed with his proposed part in the building enterprises on both lots by furnishing funds therefor to the extent of $22,000 on each. It was relied upon by Hermann, and the money in question was advanced and paid out for the purposes stated.

Hermann had a right to and did consider that the statement in the last paragraph of the letter to him relative to the property being kept free from liens was a matter between plaintiff, Gruesner and Rose and as not affecting himself. By this letter, Hermann was induced to pay out $44,000 toward the actual cost of erecting the two buildings because he was to have first mortgages. The memorandum properly characterized as "unconscionable" the fact that plaintiff so induced him and then endeavored to place its liens ahead of the Hermann mortgages because Gruesner and Rose failed to discharge their obligations. It cannot be that the others even

originally had that intention, much less Hermann. He testified that he relied upon the letter and would not have made the loans if he had not received it. Plaintiff was interested in the sale of over $12,000 worth of material and knew that Hermann would not advance and pay the $44,000 unless he was to have first mortgages. If plaintiff had intended otherwise, as it now claims, such intent should have been clearly expressed and not left in an ambiguous state. It was not incumbent on Hermann to make further inquiries under all the circumstances.

Based upon findings amply supported by the evidence, the court held that plaintiff, as to defendant Hermann, had waived its lien right by the letter in question and also awarded judgment in plaintiff's favor against defendant Gruesner for the amount still due it for the balance due on material furnished for the buildings, with a specific lien on the respective properties in so far as defendant Rose is concerned; that plaintiff's lien was subsequent and inferior to the lien and estate of Hermann by reason of the mortgages and foreclosure thereof, and judgment was entered accordingly. A waiver within the rules laid down by the decisions was clearly shown. 27 R. C. L. 904, et seq; 40 Cyc. 252, et seq. and cases cited; Howe v. Kindred, 42 Minn. 433, 44 N. W. 311; Clark v. Dye, 158 Minn. 217, 197 N. W. 209. As to estoppel, see Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495.

Judgments affirmed.