# Hartford Accident & Indemnity Co. v. N. O. Nelson Mfg. Co.

(Division A.   June 9, 1931.)

[135 So. 349.   No. 29411.]

Wells, Jones, Wells & Lipscomb, of Jackson, for appellant.

Brandon & Brandon, of Natchez, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

Burkes entered into a contract with the Natchez Investment Company to construct a building for it, executing to it an indemnity bond with the Hartford Accident & Indemnity Company as surety thereon. The investment company received the building from Burkes after paying him all but about four thousand dollars of the amount for which he agreed to construct it, under an agreement that Burkes would make good any defects which the architect might find in the building. Afterwards, in October, 1927, the Natchez Investment Company sued Burkes and the indemnity company on this bond, making as party defendants thereto a number of subcontractors and materialmen to whom Burkes was indebted for labor and material in the construction of the building, most of whom had notified the indemnity company of Burkes' indebtedness to them. One of these materialmen, the Acme Engineering Company, accepted from Burkes a sixty-day promissory note in settlement of the amount due it, secured by a transfer to it of bank stock certificates. This note was purchased from the Acme Engineering Company for value by the appellee, the N. O. Nelson Manufacturing Company. The Acme Engineering Company was made a defendant to the investment company's bill of complaint, and publication was made for it, but the Nelson Manufacturing Company was not referred to in the bill of complaint, nor made a party defendant thereto.

Demurrers to the bill of complaint were overruled, and the decree so doing was affirmed by this court on

appeal thereto, to settle the principles of the case, in September, 1928. Hartford Accident & Indemnity Co. v. Natchez Investment Co., 155 Miss. 31, 119 So. 366. On the return of the case to the court below, the various contentions of the parties thereto were tried on their merits, and, after argument thereon, the case was taken under advisement by the court below for the rendition of a decree in vacation. The Nelson Manufacturing Company had not intervened in the suit, as it had a right to do under section 6 of chapter 128, Laws of 1918, section 2279, Code of 1930, but, while the case was under consideration by the chancellor in vacation, it filed a petition setting forth the transfer to it of the note executed to the Acme Engineering Company by Burkes; that it (Nelson Manufacturing Company) was a nonresident corporation; was not aware of the pendency of the suit; that its application for leave to intervene was filed as soon as it learned thereof, and prayed that it be permitted to intervene in accordance with the statute. The chancellor granted the prayer of this petition in vacation, and thereupon, the Nelson Manufacturing Company filed an answer and cross-bill in the original suit, and prayed, among other things, for a judgment against Burkes and the indemnity company on the bond executed by them. At the succeeding term of the chancery court, which convened in January, 1930, a decree was rendered settling practically all the issues of the case, but reserving the determination of the claim propounded by the Nelson Manufacturing Company. Afterwards, the indemnity company moved to strike the Nelson Manufacturing Company's answer and cross-bill from the record for two reasons: First, that it should have been filed before the case was submitted to, and taken under advisement by, the court; and, second, that more than one year had elapsed "after completion of the job." This motion was overruled, and a demurrer to the answer and cross-bill was then filed by the indemnity com-

pany and was overruled. An appeal to this court was then granted to settle the principles of the case.

This opinion will be strictly limited to the questions discussed by counsel, and must not be considered as having any bearing on any other question that might arise on the record.

The court below committed no error in overruling the motion to dismiss, for, until its final decree was entered, it had full control over the procedure, and the record presents no question of prejudice to the indemnity company because of the permission given the Nelson Manufacturing Company to intervene after the case had been submitted on its merits.

The limitation of time within which intervention in suits of this character must be filed is prescribed by sections 5 and 6 of chapter 128, Laws of 1918, sections 2278 and 2279, Code of 1930, which is "one year after the performance and final settlement of said contract;" and, according to this record, there had been, when the Nelson Manufacturing Company intervened, neither performance nor final settlement of the contract.

The contentions of counsel for the appellant, the Hartford Accident & Indemnity Company, on the demurrer, are: First, the bond executed to the Natchez Investment Company by Burkes and the indemnity company does not inure to the benefit of the appellee, the Nelson Manufacturing Company, as assignee of the note executed to the Acme Engineering Company by Burkes for the material furnished for the construction of the building; second, the Acme Engineering Company released the Hartford Accident & Indemnity Company as surety on the bond executed by Burkes from any liability to it when it accepted from Burkes the promissory note thereby extending the time for the payment of the debt from Burkes to it, without the consent of the indemnity company; and, third, the appellee, Nelson Manufacturing Company, is entitled to recover on the bond, if at all, only the difference between the amount of the note and

the money realized by it on the collateral thereto, and its cross-bill does not set forth what amount of money, if any, was realized by it on this collateral.

A subcontractor or materialman does not waive his lien on a building for labor and materials furnished in the construction thereof by accepting a promissory note for money due him therefor, and the right to assert the lien inures to an assignee. Dodds v. Cavett, 133 Miss. 470, 97 So. 813. The bond here given by Burkes to the Natchez Investment Company, by virtue of section 3 of chapter 128, Laws of 1918, section 2276, Code of 1930, inures to the benefit of subcontractors, laborers, and materialmen, as a security in addition to, and, under some circumstances, in lieu of, the lien on the building into the construction of which the labor and materials entered. It would seem, therefore, to necessarily follow from Dodds v. Cavett, supra, that the acceptance of a promissory note from a contractor by a laborer or materialman does not release the surety on the contractor's bond, and that the right to resort thereto for its payment follows the note into the hands of an assignee.

It does not appear from this record whether the indemnity company consented to the execution of the note, and the extension thereby granted to Burkes for the payment of the debt due the Acme Engineering Company; but, aside from that, the rule that the extension of the time for the payment of a debt, without the consent of a surety therefor, releases such surety from further liability, has no application to a compensated surety, in the absence of a showing that the surety was materially prejudiced thereby. Maryland Casualty Co. v. Ohio River Gravel Co. (C. C. A.) 20 F. (2d) 514; 50 Cyc. 153.

Moreover, the guaranty here is not of a particular debt, but for the payment of any and all debts incurred by the contractor for labor and material that enter into the construction of the building. "The guarantor," in the language of the Supreme Court of the United States,

in the case of United States F. & G. Co. v. United States, 191 U. S. 416, 24 S. Ct. 142, 144, 48 L. Ed. 247, "is ignorant of the parties with whom his principal may contract, the amount, the nature, and the value of the material required, as well as the time when payment for them will become due. These particulars it would probably be impossible even for the principal to furnish, and it is to be assumed that the surety contracts with knowledge of this fact. Not knowing when or by whom these materials will be supplied, or when the bills for them will mature, it can make no difference to him whether they were originally purchased on a credit of sixty days, or whether, after the materials are furnished, the time for payment is extended sixty days, and a note given for the amount maturing at that time. If a person deliberately contracts for an uncertain liability, he ought not to complain when that uncertainty becomes certain."

It was not necessary for the appellee to set forth in its cross-bill what disposition it has made of the collateral received by it with the note sued on. Any right which the appellant may have relative thereto must be made to appear when its answer comes in.

Affirmed and remanded, with leave for the appellant to answer within thirty days after the filing of the mandate in the court below.

Affirmed and remanded.