BULLOCK *v.* HANS, et al.

In Banc. Dec. 31, 1949.

No. 37308 (43 So. (2d) 670)

42

T. J. White, for appellant.

O. F. & J. O. Moss, for appellees.

Montgomery, J.

The appellees, R. Hans and J. E. Hans, doing business as Hans Building Supplies, brought suit against the appellant, J. R. Bullock and against three co-defendants, Bryan Broadus, LaVerne Broadus, and General Z. Bullock, in the Circuit Court of Jackson County, Mississippi, to enforce a materialmen's lien on certain real property described in the petition and to enforce such lien on said

real property located in the Village of Escatawpa in said county.

The defendants, Bryan Broadus and LaVerne Broadus, suffered judgment by default. The defendant, General Z. Bullock, entered an appearance and filed various motions, demurrers and pleas, but thereafter the attorney for said defendant withdrew all defense by said defendant and suffered judgment to be entered against him by default and no evidence was offered by said defendants in defense to appellees' cause of action.

The appellant, J. R. Bullock, claimed in his pleadings and in his evidence that he was the bona fide holder of a deed of trust against said property given him by Bryan Broadus, and that the lien of his deed of trust was entitled to priority over the materialmen's lien. The verdict of the jury was in favor of the appellees, giving the appellees priority of lien over the lien of J. R. Bullock, and Bullock appeals. Several errors are assigned, but we shall consider only those of sufficient merit to warrant a discussion.

It is first contended that the demurrer of J. R. Bullock to the petition or declaration should have been sustained. This demurrer was based upon the ground that Bryan Broadus and General Z. Bullock had contracted all of the obligations for the material and had executed notes therefor, and that J. R. Bullock was not a party to any of said notes and consequently was not a proper party to this proceeding. There is no merit in the demurrer. █ J. R. Bullock was made a party under the provisions of Section 361 of the Code of 1942, providing that in suits to enforce materialmen's liens "all persons claiming liens on the same property" may be made parties to the suit. It was for this reason that J. R. Bullock was made a party, and under the statute he was a proper party. There is no merit in this assignment of error, and the lower court was correct in overruling the demurrer.

It is next contended that the court erred in overruling the motion to transfer the cause to the chancery court. Section 147 of the Constitution of 1890 provides that the Supreme Court shall not reverse a judgment of the circuit court merely because of error or mistakes as to whether the case was of equity or common law jurisdiction, and regardless of the correctness and incorrectness of the ruling of the lower court, and by this we do not mean to intimate in any way that the court was incorrect in its holding. Nevertheless, we could not reverse if the court had incorrectly refused to transfer the cause. In Federal Compress & Warehouse Company v. Coleman, 143 Miss. 620, 109 So. 20, the Court said that under the Constitution of 1890, Section 147, the Supreme Court will not reverse a case for error of trial court in refusing to transfer cause to chancery court.

It is next assigned as error that the court erred in refusing to grant the peremptory instruction requested by the defendant.

.At the outset, let it be noted that in proceedings to enforce a materialmen's lien, it is provided by Section 363, Code of 1942, that the party shall be confined at the trial to the cause of action and defense set forth in the pleadings. Hence, it was the duty of the lower court to there confine the parties to the cause of action and defense set forth in the pleadings, and that is also our duty and the measure of our limitations here.

In considering this assignment, we must consider some of the questions raised in the lower court. First, it is contended that the appellee waived his materialmen's lien by taking notes to secure the amount of the indebtedness. This position cannot be maintained. This Court has repeatedly held that the taking of notes does not waive the lien. Dodds v. Cavett, 133 Miss. 470, 97 97 So. 813; Parberry v. Johnson, 51 Miss. 291; Smith & Vaile Company v. Butts, et al., 72 Miss. 269, 16 So. 249;

Hartford Accident & Indemnity Company v. Nelson Manufacturing Company, 160 Miss. 504, 135 So. 349.

■■ Next, it is contended that at the time appellant took the deed of trust upon the property no suit had been commenced to enforce the materialmen's lien against said property, nor had any notice been filed of record affording notice of the lien, and that the appellant had no actual notice. It was contended by the appellee that the appellant had actual notice, and this issue was submitted to the jury for its determination under proper instructions from the court. We find no error in the refusal of the court to grant the peremptory instruction, but on the other hand it is our judgment that the court below was eminently correct in its ruling.

There are other errors assigned, but they do not contain sufficient merit to justify a discussion. We find no error in this record, and the judgment of the lower court is affirmed.

Affirmed.